**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 20, 2007[*]
Decided March 22, 2007

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-4597

| | |
|---|---|
| OSCAR GUILLEN,<br>    *Petitioner-Appellant,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division |
| *v.* | No. 1:05-CV-1097-LJM-WTL |
| ALAN FINNAN,<br>    *Respondent-Appellee.*[**] | Larry J. McKinney,<br>*Chief Judge.* |

**O R D E R**

Indiana inmate Oscar Guillen challenges a prison disciplinary conviction under 28 U.S.C. § 2254 on the grounds that the evidence was insufficient to sustain his conviction, that he was thwarted from presenting evidence at his hearing on the

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

[**] Alan Finnan, who became the superintendent of the Wabash Valley Correctional Center after this appeal was filed, has been substituted for Craig A. Hanks as the appellee. *See* Fed. R. App. P. 43(c)(2).

charge, and that the charge was retaliatory. The district court denied Guillen's petition for a writ of habeas corpus. We affirm.

Sergeant Truax, a guard at the Wabash Valley Correctional Center, filed a conduct report charging Guillen with "threatening" him. According to the report, the officer took Guillen—who was scheduled to be drug tested along with several other inmates—out of his cell. Guillen, walking behind the officer, loudly asked him, "So what did you come here wanting from me, an ass whippin?" The officer responded, "What did you just say?" Guillen answered, "You look like a young guy, and you're pretty stout. It won't be an easy ass whippin."

Guillen pleaded not guilty to the threatening charge and asked for a lay advocate. He said at his screening interview that he did not wish to call any witnesses, but he requested Truax's medical and "gym use" records, which, according to Guillen, would show that it was physically impossible for Guillen to "kick [Truax's] ass." Guillen was assigned a lay advocate, and at his hearing before the Disciplinary Hearing Board (DHB) Guillen argued that in fact it was Truax who threatened him. Guillen further argued that he did not commit the offense of "threatening" Truax because Truax was never actually afraid. The DHB denied Guillen's request for the guard's medical and gym records as irrelevant, credited the guard's statement, found Guillen guilty, and revoked 90 days of good time. Guillen's initial administrative appeal was denied. In denying his subsequent appeal, the prison approved the DHB's decision to deny the medical and gym records to Guillen as indeed irrelevant.

Guillen turned to the district court, filing a § 2254 petition in which he challenged his conviction on three grounds: the evidence did not prove that he threatened Sergeant Truax, his request to present Truax's medical and gym records was wrongfully denied, and Truax's conduct report was retaliatory. The district court held that Guillen received all of the procedural protection required under *Wolff v. McDonnell*, 418 U.S. 539 (1974), and his conviction was valid because it was supported by "some evidence," *Superintendent v. Hill*, 472 U.S. 445 (1985). The district court did not specifically discuss the denial of the request for Truax's records or the retaliation allegation.

We review the district court's decision to deny Guillen's petition de novo and its findings of fact for clear error. *Simpson v. Battaglia*, 458 F.3d 585, 592 (7th Cir. 2006). Guillen has a protected liberty interest in his earned good-time credits and may not be deprived of them without due process. *See Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam); *Montgomery v. Anderson*, 262 F.3d 641, 645 (7th Cir. 2001). Among the procedural safeguards afforded inmates at disciplinary hearings is a limited right to call witnesses and present other evidence. *Wolff*, 418 U.S. at 566; *Pannell v. McBride*, 306 F.3d 499, 502-03 (7th Cir. 2002) (per curiam).

Section B-213 of Indiana's Disciplinary Code for Adult Offenders prohibits "[i]ntimidation or threatening another with bodily harm or with an offense against the person or property." Guillen's conviction of this offense must be supported by at least "some evidence." *Superintendent*, 472 U.S. at 455. An officer's conduct report alone can satisfy this lenient standard. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Here, Sergeant Truax's report stating that Guillen threatened to attack him is sufficient evidence that Guillen committed the offense. Guillen admits that he made the statements Truax reported, but argues that Truax misconstrued them. Guillen claims he meant to suggest that Truax was going to deliver a beating *to* Guillen, not receive one *from* him. But the DHB was not required to credit this explanation.

Guillen's principal challenge to his conviction concerns his mistaken belief that the evidence must establish that Sergeant Truax was in fear as a result of Guillen's statements. The code contains no such requirement of subjective fear on the part of the person threatened, and we know of no case that imposes one for threats made by prisoners. Without a requirement of subjective fear, Guillen's next argument—that the DHB wrongfully denied him access to Truax's medical and gym records—also fails.[1] Guillen does have a conditional due process right to present documentary evidence, but only if that evidence is relevant. *See Wolff*, 418 U.S. at 566. Even if these records showed that Truax had no reason to be afraid of Guillen, because the question of Truax's subjective fear is irrelevant to the validity of Guillen's conviction, we uphold the DHB's denial of the records.

Finally, Guillen maintains here, as he did during his administrative appeals and before the district court, that Sergeant Truax's filing of the disciplinary report was retaliatory. Inmates have a right to be free from arbitrary actions of correctional officers, *McPherson*, 188 F.3d at 787, but the protection against such actions are provided by adequate procedural safeguards, including that the disciplinary decisions be supported by "some evidence." *See id.*; *McKinney v. Meese*, 831 F.2d 728, 733 (7th Cir. 1987) (per curiam). Guillen's assertion of retaliation

---

[1] The government argues that this issue was procedurally defaulted, but its contention that Guillen "never complained of a denial of [Truax's] records during his administrative appeal" is erroneous. Guillen *did* raise this issue in his second administrative appeal, and the final reviewing authority—which is equivalent, in this context, to the state's highest court, *see Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002)—denied his claim on the merits. We do as well. *See Jenkins v. Nelson*, 157 F.3d 485, 497-98 (7th Cir. 1998) ("[W]hen the last state court to address the issue reaches its merits without invoking forfeiture, the question is open on collateral review under § 2254.").

fails because he fails to establish that the proper procedures were ignored, or that the evidence relied upon was not sufficient.

Guillen's remaining claims—his allegedly thwarted attempt to call Sergeant Truax as a witness at the hearing and his challenge to the prison's policy of randomly subjecting inmates to drug testing—were not raised in his habeas petition. Thus they are not properly before us. *See, e.g., Estremera v. United States*, 442 F.3d 580, 587 (7th Cir. 2006) ("It is well settled that 'arguments not raised in the district court are waived on appeal.'" (quoting *Belom v. National Futures Ass'n*, 284 F.3d 795, 799 (7th Cir. 2002))).

AFFIRMED.