# In the
# United States Court of Appeals
## For the Seventh Circuit
_____

No. 03-3402

LARRY COCHRAN,

*Petitioner-Appellant*,

v.

EDWARD BUSS, Superintendent,

*Respondent-Appellee*.

_____

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 03 C 305—**Allen Sharp**, *Judge.*

_____

SUBMITTED APRIL 28, 2004[1]—DECIDED AUGUST 24, 2004

_____

Before RIPPLE, KANNE and DIANE P. WOOD, *Circuit Judges.*

PER CURIAM. Larry Cochran, an Indiana state prisoner, filed a pro se petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. Mr. Cochran challenged a prison disciplinary sanction that he had received for physically resisting a staff

_____

[1] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

member, which resulted in a one-month loss of telephone privileges and a suspended deprivation of sixty-days' good time credit. Mr. Cochran claimed that the prison disciplinary board had denied him due process of law because it had refused his requests to continue the hearing and to present an additional witness and because it had found him guilty without sufficient evidence. The district court concluded that Mr. Cochran had failed to assert a cognizable claim under § 2254 and dismissed the petition. For the reasons set forth in this opinion, we vacate the judgment of the district court and remand the case with direction to dismiss as moot.

### 1.

Indiana state prisoners have a liberty interest in good time credits, and they are entitled to due process before the State may revoke those credits. *See McPherson v. McBride*, 188 F.3d 784, 785-86 (7th Cir. 1999). The disciplinary sanction, when viewed in its entirety, imposed upon Mr. Cochran affected both the *duration* of his confinement (at least potentially) and a *condition* of his confinement. We have explained previously that a prisoner challenging the fact or duration of his confinement must seek habeas corpus relief; a prisoner challenging a condition of his confinement, by contrast, must seek relief under 42 U.S.C. § 1983:

> State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L.Ed.2d 439 (1973); *Edwards v. Balisok*, 520 U.S. 641, 117 S. Ct. 1584, 137 L.Ed.2d 906 (1997). State prisoners who want to raise a constitutional

challenge to any other decision, such as transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must instead employ § 1983 or another statute authorizing damages or injunctions—when the decision may be challenged at all, which under *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L.Ed.2d 418 (1995), and *Meachum v. Fano*, 427 U.S. 215, 96 S. Ct. 2532, 49 L.Ed.2d 451 (1976), will be uncommon.

*Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000).[2] Mr. Cochran's loss of telephone privileges affected the conditions of his custody; the suspended deprivation of good time credits, however, could have lengthened his confinement. Consequently, he filed a habeas corpus petition to contest this potential loss of good time credits.

Section 2254 requires that the petitioner be "in custody." 28 U.S.C. § 2254(a); *see Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam). In *Preiser v. Rodriguez*, 411 U.S. at 487-89, the Supreme Court established that actions for the restoration of good time credits fall within the "core" of habeas corpus because they go directly to the constitutionality of the pris-

---

[2] *See also Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003) ("For prisoners, the difference between a civil rights action and a collateral attack is easy to describe. Challenges to conditions of confinement (such as pollution in the prison or deliberate indifference to serious medical needs) fall under § 1983. Attacks on the fact or duration of confinement come under § 2254." (citations omitted)); *DeWalt v. Carter*, 224 F.3d 607, 614-16 (7th Cir. 2000) (discussing Supreme Court precedent on when a plaintiff may use § 1983 to bring action related to his conviction or sentence); *Sylvester v. Hanks*, 140 F.3d 713, 714 (7th Cir. 1998) ("Section 2254 is the appropriate remedy only when the prisoner attacks the fact or duration of 'custody.' ").

oner's confinement itself and seek either immediate release or a shortened length of confinement. *See also Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (adhering to circuit precedent that § 2254 is the correct vehicle for contesting loss of good time credit in prison disciplinary proceedings). The question before us is whether the fact that Mr. Cochran's loss of good time credits was *suspended* dictates a different course than the one set forth in *Preiser.*

In analyzing this question, we must focus not on Mr. Cochran's underlying sentence to confinement, but on the sentence of the disciplinary board whose action in imposing a suspended loss of good time credits created the very real possibility that Mr. Cochran would spend more time behind bars than would have occurred in the absence of the disciplinary matter. As far as the record in this case reflects, at the time Mr. Cochran filed his habeas petition, the prison disciplinary board could have revoked the suspended sentence of loss of good time credit and imposed a longer confinement than would have applied absent the disciplinary proceeding. Therefore, we believe that this distinct possibility of the loss of good time credits requires that his claim be cognizable in a habeas action rather than in an action under § 1983.

Our decision on this point is grounded firmly in the rationale of the Supreme Court's precedents in this area. It has long been established that "custody" does not require physical confinement. For instance, in *Jones v. Cunningham*, 371 U.S. 236 (1963), the Supreme Court held that a person free on parole was "in custody" of the parole board for purposes of habeas corpus. His parole "involve[d] significant restraints on petitioner's liberty." *Id.* at 242; *see also Hensley v. Mun. Court*, 411 U.S. 345, 351-52 (1973) (ruling that individuals released on bail or on their own recognizance pending trial or pending appeal are "in custody"); *Tinder v. Paula*, 725

F.2d 801, 803 (1st Cir. 1984) (noting that probationers and parolees have been found to meet the "in custody" requirement); *United States ex rel. Wojtycha v. Hopkins*, 517 F.2d 420, 423-24 (3d Cir. 1975) (holding that a prisoner serving a suspended sentence, placed on probation and fined met the custody requirement); 17A Charles Alan Wright et al., *Federal Practice and Procedure* § 4262 (2d ed. 1988 & Supp. 2004). We believe that the action of the prison disciplinary board with respect to Mr. Cochran's good time credits is sufficiently analogous to the situations presented in these cases that, by a parity of reasoning, his claim should be evaluated by the same process—habeas corpus. Therefore, we hold that Mr. Cochran presented a cognizable claim under § 2254. *See Sammons v. Rodgers*, 785 F.2d 1343, 1345 (5th Cir. 1986) (holding that court had jurisdiction to review petitioner's conviction when his sentence had been suspended, and that suspension had not yet expired, because "[n]othing in the record indicate[d] that the suspended sentence . . . d[id] not carry with it possible revocation of suspension or other adverse action").

## 2.

Although Mr. Cochran appropriately filed a habeas corpus petition, the suspended sanction was never imposed against Mr. Cochran, and the time for imposing the sanction has now expired. All risk of Mr. Cochran's serving additional time as a result of the disciplinary board's action has now evaporated. *See* Appellee's Br. at 3. A case becomes moot when "it no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A petition for habeas corpus filed while a person is in custody does not become moot at the end of custody if the person suffers sufficient collateral consequences from the sentence. *See id.* at 7-8 (explaining that,

once a convict's sentence ends, "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist" to maintain the suit); *see also Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968) (holding that prisoner's unconditional release did not render his habeas challenge moot because his criminal conviction precluded him from holding public office, voting in state elections and serving as a juror); *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004) (finding that habeas petition was not moot because juvenile delinquency adjudication created sufficient adverse collateral consequences); *McClendon v. Trigg*, 79 F.3d 557, 558 (7th Cir. 1996) (dismissing as moot a § 2254 petition to set aside prison disciplinary action that took away good time credits due to petitioner's subsequent death). The Supreme Court has established a presumption of collateral consequences from a wrongful criminal conviction,[3] but the Court has not extended this presumption to prison disciplinary sanctions. *See Diaz v. Duckworth*, 143 F.3d 345, 346 (7th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1 (1998)).

Whether it is possible for a prisoner to allege sufficient consequences from a disciplinary action to maintain an Article III case or controversy after custody has ended remains an open question. *See Diaz*, 143 F.3d at 346-47.[4] This case does not require that we decide that question. Mr. Cochran alleges in general terms only that he lost his preferred prison living arrangement, his prison job and his

---

[3] *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7-14 (1998); *Sibron v. New York*, 392 U.S. 40, 55-56 (1968); *Pollard v. United States*, 352 U.S. 354, 358 (1957).

[4] *Accord Wilson v. Terhune*, 319 F.3d 477, 481 (9th Cir. 2003) (holding that collateral consequences are not presumed in prison disciplinary proceedings).

eligibility for rehabilitative programs and that the disciplinary report has damaged his prison record. These alleged deprivations, however, are not sufficient collateral consequences. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (stating that not every prison action that adversely affects the prisoner requires due process, such as a transfer to a substantially less agreeable prison and an unfavorable classification for rehabilitative programs); *see also Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460-61 (1989) (stating, in § 1983 context, that prisoners do not have an inherent liberty interest in the prison setting); *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000) (stating, in § 1983 context, that prisoners have no liberty or property interest in their prison job). Furthermore, the record does not suggest any such lingering disability.

## Conclusion

Accordingly, the judgment of the district court is vacated, and the case is remanded with direction that it be dismissed as moot.

VACATED and REMANDED WITH DIRECTION

A true Copy:

      Teste:

                       _____

                       *Clerk of the United States Court of Appeals for the Seventh Circuit*