UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 9, 2005[*]
Decided June 10, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-1334

| | |
|---|---|
| EUGENE BOWERS,<br>　　*Petitioner-Appellant*,<br><br>　　　　*v.*<br><br>CECIL K. DAVIS, Superintendent,<br>　　*Respondent-Appellee*. | Appeal from the United States<br>District Court for the Northern<br>District of Indiana, South Bend<br>Division<br><br>No. 3:04-CV-222 AS<br><br>Allen Sharp,<br>*Judge*. |

**O R D E R**

Indiana inmate Eugene Bowers was sanctioned with loss of 90 days' earned credit time for threatening to "smack" a member of the prison staff. He appealed the decision through administrative channels and succeeded in obtaining a remand to permit him to present additional evidence in his defense. However, upon rehearing before a new three-member panel, the judgment was loss of 120 days' earned credit time. After again exhausting the prison's review procedures, this time without success, he petitioned for a writ of habeas corpus under 28 U.S.C.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

§ 2254, claiming that his due process rights were violated because the rehearing was delayed more than seven days after the facility was notified of the remand, in contravention of Indiana Department of Corrections policy, *see* Ind. Dep't of Corr. Disciplinary Code for Adult Offenders, 02-04-101, at 32 (2004). The district court denied his petition. We affirm.

Prisoners in Indiana have a liberty interest in earned credit time and must receive due process before the state can deprive them of their credits. *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004); *Piggie v. McBride*, 277 F.3d 922, 924 (7th Cir. 2002). The Constitution requires four things. The state must provide the prisoner with: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974)); *see Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003). And (4) there must be "some evidence in the record" to support the disciplinary findings. *Hill*, 472 U.S. at 454.

We see no violation of due process here. Bowers does not claim that the state failed to comply with any of these requirements. As best we can tell, he contends that the state's ability to create liberty interests, *see Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Lekas v. Briley*, 405 F.3d 602, 607-08 (7th Cir. 2005), gives it the power to elevate its own rules and policies to requirements of federal due process. But he misunderstands the doctrine. Violations of state law cannot rise to the level of constitutional violations for which habeas corpus relief is appropriate. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Hayes v. Battaglia*, 403 F.3d 935, 939 (7th Cir. 2005).

Bowers received all the process that was due, and therefore the judgment of the district court is AFFIRMED.