NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 3, 2007[*]
Decided May 3, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. MICHAEL  S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 06-3639

| | |
|---|---|
| MORRITZ  J. WEISS,<br>    *Petitioner-Appellant,*<br><br>    *v.*<br><br>INDIANA PAROLE BOARD,<br>    *Respondent-Appellee.* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division<br><br>No. 1:06-CV-679<br><br>Richard L. Young,<br>*Judge.* |

## O R D E R

Morritz Weiss appeals the dismissal of his petition under 28 U.S.C. § 2254 to remove sex-offender conditions from his parole.  We vacate the judgment and remand the case with the direction to dismiss the petition as moot.

In 2003 Weiss was convicted in Indiana of aggravated battery, which is not a sex offense under state law.  *See* I.C. 35-42-2-1.5; *id.* 11-8-8-5.  He was sentenced to

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

20 years' imprisonment with 2,880 days credit for time served and was paroled in December 2004.  The Indiana Parole Board imposed several sex-offender conditions, *see id.* 11-13-1-4(g), because the battery allegedly involved the forcible rape of a 15-year-old girl.  Among other conditions, Weiss had to attend a treatment program for sex offenders and submit to periodic polygraph tests.  His parole (along with the conditions) expired in December 2006.

While still on parole, Weiss brought two federal actions, this one under § 2254 and another under 42 U.S.C. § 1983.  In both he claimed that labeling him a sex offender and subjecting him to the corresponding conditions without a conviction for a sex offense violated his right to due process.  Judge Tinder dismissed the § 1983 suit without prejudice on the ground that existing parole conditions cannot be challenged in a civil-rights action.  *See Weiss v. Miller,* No. 1:06-cv-648 (S.D. Ind. May 2, 2006).  Judge Young dismissed this § 2254 action; the court essentially reasoned that Weiss raised only questions of state law in his petition.

Weiss has appealed this decision, but after briefing was completed we discovered that his parole was terminated successfully after the notice of appeal was filed.  We thus directed the parties to explain why the appeal should not be dismissed as moot.  The Parole Board says that it is; Weiss contends otherwise.

Our jurisdiction is limited to live "cases and controversies."  *See* U.S. Const. art. III, § 2.  A petition for a writ of habeas corpus becomes moot after the petitioner is released from custody unless the petitioner will suffer sufficient collateral consequences from the feature of his custody that he is challenging.  *See Spencer v. Kemna,* 523 U.S. 1, 7-8 (1998); *A.M. v. Butler,* 360 F.3d 787, 790 (7th Cir. 2004).  The Supreme Court has established a presumption of collateral consequences arising from a conviction, but no similar presumption extends to sentencing determinations, in which case the petitioner must prove such consequences exist.  *See Spencer,* 523 U.S. at 8, 12 (parole revocation); *Cochran v. Buss,* 381 F.3d 637, 641 (7th Cir. 2004) (per curiam) (loss of good-time credits).

Weiss argues that his § 2254 petition cannot be moot because, if it were, the favorable-termination rule announced in *Heck v. Humphrey,* 512 U.S. 477 (1994), would bar him from reinstating his § 1983 action for damages and he would be left without any federal forum to seek redress.  But *Heck* presents no obstacle for Weiss now that his parole is over.  The rule of *Heck* prohibits § 1983 suits for damages that might impugn the validity of a conviction or sentence before that conviction or sentence is invalidated on direct appeal or during postconviction proceedings.  *Heck,* 512 U.S. at 486-87.  This bar, however, is limited to prisoners who are "in custody" and therefore are able to seek such review.  *Muhammad v. Close,* 540 U.S. 749, 754-55 (2004) (per curiam); *Simpson v. Nickel,* 450 F.3d 303, 307 (7th Cir. 2006).  And

Weiss cannot point to any other collateral consequences arising from the challenged conditions of his parole. He was never adjudged a sex offender, so not even a label lingers.

Accordingly, the judgment of the district court is VACATED, and the case is REMANDED with the direction to DISMISS the petition as moot.