NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 28, 2007
Decided July 20, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-3863

| | |
|---|---|
| EDWARD E. JEMISON, <br>    *Petitioner-Appellant,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | |
| | No. 1:06-cv-821-DFH-WTL |
| STANLEY KNIGHT, <br>    *Respondent-Appellee.* | David F. Hamilton, <br> *Judge.* |

**O R D E R**

Indiana inmate Edward Jemison challenges a disciplinary conviction for battery under 28 U.S.C. § 2254. The district court denied his petition. We affirm.

A prison guard alleged that Jemison committed battery with a bodily fluid in violation of § 102 of the disciplinary code for the Indiana Department of Correction. The guard, Michael Pfleeger, in his conduct report, recounted that he and other guards were putting Jemison in a cell when Jemison turned around and swore at him while spitting. Some of that spit landed on Pfleeger's face.

The prison authorities served Jemison with notice of the charge for battery with a bodily fluid, and five days later a Disciplinary Hearing Board conducted a hearing. Jemison pleaded not guilty and did not call any witnesses. He told the Board that he never meant to spit on Pfleeger. Jemison also asked that he be allowed to submit to a polygraph test, but the Board denied his request. After the hearing the Board issued a brief decision finding Jemison guilty based on the conduct report and Jemison's statement. The Board imposed a year of disciplinary segregation and directed that Jemison forfeit 730 days of good-time credit and be demoted to an inmate classification group in which he would earn good-time credits at a slower rate. The Board gave as its reasons for those sanctions that it relied on the seriousness of the offense and the degree to which it disrupted the prison, Jemison's attitude during the hearing, and the likelihood that the sanctions will have a corrective effect. The finding of guilt and penalties were upheld on administrative appeal.

Jemison then applied for a writ of habeas corpus under § 2254. He argued that 1) the evidence did not show that he intentionally spit on Pfleeger, 2) the Board should have allowed him to take a polygraph, 3) the Board did not provide an adequate written statement of the reasons for its decision, and 4) the Board should have conducted a separate penalty phase before deciding how to sanction his misconduct. The district court denied his petition, ruling that his conviction was adequately supported by "some evidence," as outlined in *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445 (1985), and that Jemison received all of the procedural protection required under *Wolff v. McDonnell*, 418 U.S. 539 (1974).

We review de novo the denial of Jemison's petition. *Scruggs v. Jordan*, 485 F.3d 934, 938 (7th Cir. 2007). Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Hill*, 472 U.S. at 454*; Wolff,* 418 U.S. at 564, 566, 570-71; *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Jemison initially argues that the Board's decision is not supported by "some evidence" because, in his view, all that was established at the disciplinary hearing is that he spit while cursing a guard and that some of the spit struck Pfleeger inadvertently. The Board's ruling need only be supported by a "modicum of evidence." *Webb*, 224 F.3d at 652. Here, Pfleeger reported that Jemison was spitting while yelling and directing obscenities at him. Jemison stated that he did

not intend to spit on him, but the Board did not believe him, and a guard's written report alone can fulfil the requirements of "some evidence," *see McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). We agree with the district court, and we are convinced, that the Board could, and did, fairly infer from the context of his actions and statements that Jemison did spit on Pfleeger—and not by accident.

Jemison next claims that the Board wrongly refused his request for a polygraph to prove that he did not know he was spitting, and that the Board violated DOC policy by not explaining its refusal in writing. *See* Ind. Dep't of Corr., Disciplinary Code for Adult Offenders, 02-04-101 VII(D)(3)(e)(2004). Although it is true that a disciplinary board may not ignore exculpatory evidence, *Cotton*, 344 F.3d at 678, that did not happen here. Jemison offered no evidence other than his own testimony. No polygraph test was administered and Jemison's argument that the Board improperly refused his request for a test fails because he is not entitled to a lie-detector test at a prison disciplinary hearing as a matter of law. *See Freitas v. Auger*, 837 F.2d 806, 812 n.13 (8th Cir. 1988) (holding that prisoners are not entitled to polygraph tests in disciplinary hearings); *see also United States v. Sanapaw*, 366 F.3d 492, 496 (7th Cir. 2004) (holding that, even in a criminal trial, forensic testing is not necessary to prove the identity of controlled substances so long as the other evidence, both circumstantial and direct, is sufficient); *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (per curiam) (holding that prison officials were not required to provide additional urinalysis by impartial laboratory to corroborate reports about prisoner's drug use). Moreover, the DOC policy applies only to preexisting evidence. In any event a violation of an administrative rule is an issue of state law and does not provide grounds for relief under § 2254. *Jackson v. Frank*, 348 F.3d 658, 663 (7th Cir. 2003).

Jemison next challenges the Board's written decision, which he says resembles those given in other prisoners' hearings. An inmate subject to disciplinary action is entitled to "a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary actions" to ensure both administrative accountability and meaningful review. *Wolff*, 418 U.S. at 564-65*; see also Scruggs,* 485 F.3d at 941; *Chavis v. Rowe*, 643 F.2d 1281, 1287 (7th Cir. 1981). The written statement need not be extensive, and in this particularly straightforward case, the Board needed only to set forth the evidentiary basis and the reasoning supporting the decision. *Scruggs*, 485 F.3d at 941. Here, the Board stated that it relied on staff reports and Jemison's own statement at the hearing. Because the Board had only to weigh Pfleeger's statement against Jemison's, its written explanation of the evidence relied upon was adequate to satisfy the due process requirements. *See Culbert v. Young*, 834 F.2d 624, 631 (7th Cir. 1987) (finding brief statement from disciplinary board sufficient when only issue was relative credibility of prison guard and prisoner); *Saenz v. Young*, 811 F.2d 1172, 1173-74 (7th Cir. 1987) (same).

Finally, Jemison argues that the Board was required to conduct a second hearing before selecting a sanction. But *Wolff* and its progeny do not require bifurcated disciplinary hearings.

AFFIRMED.