NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois  60604**

Submitted February 6, 2008[*]
Decided February 6, 2008

**Before**

Hon. KENNETH F. RIPPLE,  *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 07-2029 | |
| | Appeal from the United States District |
| ERIC D. SMITH, | Court for the Northern District of |
| *Petitioner-Appellant,* | Indiana, South Bend Division |
| | |
| *v.* | No. 3:06-CV-461 PS |
| | |
| BILL WILSON, | Philip P. Simon, |
| *Respondent-Appellee.* | *Judge.* |

--------------------------------------------------------------------

| | |
|---|---|
| No. 07-2354 | |
| | Appeal from the United States District |
| ERIC D. SMITH, | Court for the Southern District of |
| *Petitioner-Appellant,* | Indiana, Indianapolis Division. |
| | |
| *v.* | No. 1:07-cv-299-JDT-JMS |
| | |
| BILL WILSON, | John Daniel Tinder, |
| *Respondent-Appellee.* | *Judge.* |

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –

No. 07-2355

ERIC D. SMITH,
    *Petitioner-Appellant,*

    *v.*

BILL WILSON,
    *Respondent-Appellee.*

Appeal from the United States District
Court for the Southern District of
Indiana, Indianapolis Division.

No. 1:07-cv-127-RLY-WTL

Richard L. Young,
*Judge.*

## O R D E R

We consolidated these three appeals for disposition. In each case Eric Smith, an Indiana prisoner, seeks habeas corpus relief under 28 U.S.C. § 2254 for alleged violations of his due process rights during a prison disciplinary action. In each case the district court dismissed his petition because the discipline imposed upon him did not strip him of good-time credits or hinder his ability to earn good-time credits and, therefore, did not implicate the fact or duration of his custody. Because the condition, not the fact, of Smith's custody is in question, he is required to pursue relief under 42 U.S.C. § 1983, and thus we affirm.

After three separate hearings, Smith was convicted of committing three prison disciplinary violations: (1) making threats to prison and government staff, resulting in six months' disciplinary segregation and a 90-day loss of phone privileges; (2) refusing to provide a DNA sample as required by Ind. Code § 10-1-9, resulting in six months' disciplinary segregation; and (3) possessing unauthorized property, resulting in a 60-day loss of telephone privileges. Smith argues that his hearings suffered from numerous defects: he was denied an impartial decision maker, evidence was wrongfully used to attack his character and credibility, the proceedings were retaliation for his legal filings, and the evidence presented did not support a finding of guilt. According to Smith the hearings did not afford him due process and the punishments, therefore, are unconstitutional.

Section 2254 provides the exclusive avenue for federal relief of constitutional violations when those violations result in a loss of good-time credit or a reduction in the rate of earning good-time credit. *Montgomery v. Anderson*, 262 F.3d 641, 643 (7th Cir. 2001). Federal habeas corpus is appropriate in such circumstances because the accumulation of good-time credit ultimately affects the fact or duration of custody. *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004); *Montgomery*, 262

F.3d at 643. Other forms of discipline that affect the condition but not the duration of custody—including disciplinary segregation and loss of phone privileges—must be challenged under § 1983. *See Cochran*, 381 F.3d at 639 (phone privileges); *Montgomery*, 262 F.3d at 643-44 (disciplinary segregation).

Smith's punishments did not include any loss of good-time credits, and he does not show that the fact of his punishment has any affect on his ability to earn good-time credits. In Indiana, prisoners are categorized as either Class I (in which the prisoner earns one day of credit for each day served), Class II (in which a prisoner earns one day credit for every two days served), and Class III (in which the prisoner earns no credit). Ind. Code § 35-50-6-3. The prison can shift prisoners to lower classes as punishment and can raise them to higher classes as reward. Ind. Code §§ 35-50-6-4, 35-50-6-7. Smith argues that the mere fact that he was disciplined for an offence (regardless of the discipline imposed) caused him to languish in Class III because Indiana law requires prisoners to remain offense-free for six months before earning elevation to the next-highest class. Smith's argument—if true—would bring his claim within § 2254 because any offence would necessarily result in a six-month period during which he could not earn good-time credits at an increased rate.

The Indiana statute, however, shows that a demotion in class is not the automatic result of any discipline imposed and that a prisoner can be reinstated to a higher class whenever the prison feels they are deserving (with a review of a prisoner's merit occurring at least every six months). Ind. Code § 35-50-6-4. Because loss of credit-earning potential is not an inevitable result of Smith's violations, the disciplinary hearings he attacks do not implicate the length of his sentence. Any improvement to his rate of earning good-time credits remains at the complete discretion of the prison; his only entitlement is to a re-evaluation of his credit-earning class every six months. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) ("Section 1983 must be used where a claim, if decided favorably to the prisoner, at best *might* accelerate the accrual of good time").

Accordingly, the decisions of the district courts are AFFIRMED.