NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 13, 2008[*]
Decided February 13, 2008

**Before**

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Nos. 06-3053 & 06-3661

| | |
|---|---|
| VICTOR A. SALAZAR,<br>　　*Petitioner-Appellant,*<br><br>　　　*v.*<br><br>STANLEY KNIGHT,<br>　　*Respondent-Appellee.* | Appeals from the United States District Court for the Southern District of Indiana, Indianapolis Division<br><br>No. 1:06-CV-061-JDT-TAB<br><br>John Daniel Tinder,<br>*Judge.* |

**O R D E R**

A Disciplinary Hearing Board (DHB) found Indiana prisoner Victor Salazar guilty of possessing marijuana and removed 120 days' good-time credit as a result. Contending, among other arguments now abandoned, that the DHB reached its determination on insufficient evidence, he petitioned the district court for a writ of

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

habeas corpus under 28 U.S.C. § 2254.  Salazar now appeals from the district court's denial of that petition and from orders denying post-judgment relief.  Because the decision of the DHB was supported by some evidence, and because the district court did not abuse its discretion in denying the post-judgment motions, we affirm.

According to staff reports of the prison guards, on September 20, 2005, Officer Deweese and Sgt. Akers approached a line of prisoners waiting for food.  Akers reported that when he ordered Salazar to "come over and be shook down" Salazar "took off running."  Both he and Deweese ran after Salazar, and Akers reported that as he rounded a corner, Salazar threw a small bag down by a trash can.  Deweese, with the assistance of Officer Thompson, apprehended Salazar.  Akers retrieved the bag that he had seen Salazar throw by the trash can.  A chemical analysis later revealed the contents to be marijuana.  Officer Thompson stated that when he joined the chase, he did not see Akers and did not see Salazar throw anything down.

In October 2005 a three-member DHB held a hearing on the Salazar's alleged possession of marijuana.  The DHB considered primarily the reports of staff members and, relying specifically on the statement of Sgt. Akers, concluded that Salazar was guilty of possession of marijuana.  The DHB revoked 120 days of Salazar's good-time credit, and also imposed suspended sentences of 1 year disciplinary segregation and a credit class demotion from class I to class II.  Salazar appealed to the Facility Head and then to the statewide Final Reviewing Authority, both of whom issued decisions unfavorable to Salazar.

Salazar then petitioned the district court for a writ of habeas corpus under 28 U.S.C. § 2254.  Indiana does not provide for judicial review of decisions of prison administrative bodies, so Salazar's appeal to the Final Reviewing Authority satisfied the exhaustion requirement of 28 U.S.C. § 2254(b).  *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002).  The district court denied the petition and Salazar appealed in July 2006.  Over a month later, Salazar filed two motions seeking relief from that judgment, both of which the district court denied and which Salazar also appealed.  We review the district court's denial of the petition for a writ of habeas corpus de novo and the denial of Salazar's post-judgment motions for abuse of discretion.  *Scruggs v. Jordan*, 485 F.3d 934, 938 (7th Cir. 2007); *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006).

Salazar first contends that the DHB's finding of guilt was not supported by sufficient evidence.  Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them.  *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004).  To comport with the minimum requirements of due process, the DHB's

decision must be supported by "some evidence." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985); *Scruggs*, 485 F.3d at 941. This standard is "the narrowest judicial review of judgments we know." *United States v. Kizeart*, 505 F.3d 672, 675 (7th Cir. 2007). To determine whether it is satisfied, we do not need to assess the credibility of witnesses or weigh evidence. *Hill*, 472 U.S. at 455. The only relevant question is whether there is any evidence in the record that could support the conclusion the DHB reached. *See id.* Due process is satisfied so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id.* at 457.

Here, there was "some evidence" on which the DHB based its decision. Sgt. Akers said he saw Salazar throw down a bag which later was determined to contain marijuana. Because the DHB's reasoning was supported by at least a modicum of evidence, Salazar has failed to demonstrate a violation of due process. *See id.* at 455. The district court correctly denied his petition for a writ of habeas corpus.

As for Salazar's two motions for post-judgment relief, the district court was also correct to deny them. A motion for relief from judgment is an extraordinary remedy granted only in exceptional circumstances. *See Karraker v. Rent-A-Center*, 411 F.3d 831, 837 (7th Cir. 2005). Because Salazar only raised arguments that he did or could have raised earlier, he did not present any exceptional circumstances warranting relief.

AFFIRMED.