NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 19, 2008[*]
Decided March 19, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

KENNETH F. RIPPLE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-4204

| | |
|---|---|
| JOSEPH WILLIAMS-BEY, *Petitioner-Appellant*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:06-cv-733 |
| EDWIN G. BUSS, *Respondent-Appellee*. | Rudy Lozano, *Judge*. |

**O R D E R**

Joseph Williams-Bey, an Indiana prison inmate, filed a petition for a writ of habeas corpus, *see* 28 U.S.C. § 2254, claiming that his constitutional rights were violated when prison officials effectively denied him access to the courts. Williams-Bey argued that between August 16, 2006, and September 11, 2006, he was refused access to the prison law

---

[*] The appellee was not served with process in the district court and is not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2).

library as a disciplinary sanction. He also asserted that this sanction was imposed without a hearing. According to Williams-Bey, he wrote to prison warden Lawson in response to the sanction, but Lawson "refused to respond." Williams-Bey did not then seek further review through the prison appeals process.

The district court dismissed Williams-Bey's petition. The court noted that the Fourteenth Amendment does not provide prisoners due process protections from sanctions that do not affect the duration of their confinement. *See Sandin v. Conner*, 515 U.S. 472, 487 (1995). Therefore, the court continued, prisoners may not use § 2254 as a vehicle for challenging disciplinary sanctions that do not lengthen their confinement. *See Sylvester v. Hanks*, 140 F.3d 713, 714 (7th Cir. 1998). The district court observed that Williams-Bey did not seek release from custody or claim that he had lost good-time credits as a consequence of a rule violation. Instead, he only sought access to the law library. The court held that his claim was not actionable under § 2254.

After the district court dismissed his habeas corpus petition, Williams-Bey brought this appeal. But he does not address the basis of the district court's dismissal, i.e., that the allegations do not state a claim under § 2254 because his punishment does not affect the fact or duration of his confinement. Instead, Williams-Bey argues the merits of his underlying claims.

The district court properly dismissed Williams-Bey's petition. It is well-established that a prisoner who challenges neither the fact nor duration of his confinement but instead challenges the conditions of confinement—such as exclusion from programs and loss of privileges—must do so in an action under 42 U.S.C. § 1983 or another federal statute, not a petition for habeas corpus. *See Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004); *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002); *Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000). Williams-Bey challenges only the restriction on his use of the prison library, which does not implicate the fact or duration of his sentence. *See Bunn*, 309 F.3d at 1007. Therefore, Williams-Bey may not use a § 2254 petition to redress this grievance.

AFFIRMED.