NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 2, 2008[*]
Decided April 2, 2008[**]

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

Nos. 07-1703 & 07-1704

| | |
|---|---|
| SHAVAUGHN CARLOS WILSON-EL, | Appeals from the United States District |
|     *Petitioner-Appellant,* | Court for the Southern District of Indiana, |
| | Terre Haute Division. |
|     *v.* | |
| | Nos. 2:06-cv-174-RLY-WGH & |
| ALAN FINNAN, | 2:06-cv-176-RLY-WGH |
|     *Respondent-Appellee.* | |
| | Richard L. Young, |
| | *Judge.* |

**O R D E R**

A Disciplinary Hearing Board (DHB) found Indiana prisoner Shavaughn Wilson-El guilty of being late for a formal head count and as a result revoked 30 days' good-time credit. The DHB also found Wilson-El guilty of possessing altered property (headphones)

---

[*]After examining the briefs and the records, we have concluded that oral argument is unnecessary. Thus, the appeals are submitted on the briefs and the records. *See* FED. R. APP. P. 34(a)(2).

[**]We have consolidated these appeals for disposition.

belonging to the state or another individual, and revoked another 30 days' good-time credit. After exhausting his administrative remedies, Wilson-El petitioned the district court for writs of habeas corpus under 28 U.S.C. § 2254, contending that the hearing boards reached their determinations on insufficient evidence, were biased, and with regard to the altered property, that he was not timely notified of the charge against him. Wilson-El now appeals from the district court's denial of those petitions. We affirm.

According to a staff report submitted to the DHB, prison officials searched Wilson-El's cell and discovered, among other items belonging to Wilson-El, one pair of headphones that had been altered. Although the staff report does not disclose how they were altered, the Facility Head noted in his decision denying Wilson-El's administrative appeal that "the headband has clearly been sanded down so that you cannot tell who's [sic] name or DOC was engraved." The day after the headphones were confiscated, a correctional officer reported that he observed Wilson-El in the dayroom after doors were secured for a formal head count.

Two days before the hearings, Wilson-El was notified of the charges against him and pleaded not guilty. With regard to his being late for count, Wilson-El submitted that he was unable to return to his cell on time because of arthritis in his right knee and left ankle and tendinitis in his left heel. Wilson-El was separately notified of the altered-property charge and requested a lay advocate, but the screening process was cut short due to his "insolence and vulgar language."

Two days later a three-member DHB held separate hearings on Wilson-El's alleged infractions. The DHB concluded that Wilson-El was guilty of being late for count after considering the staff reports and a witness statement from a nurse, who noted that Wilson-El wears braces for pain in his left knee and heel, but that there was no documented evidence that he has arthritis. The nurse further reported that, according to a doctor, Wilson-El has a normal gait. The DHB issued a written reprimand, and removed 30 days' good-time credit and 7 days' recreation privileges. With regard to the altered-property charge, the DHB reviewed two reports of correctional officers who saw the headphones in Wilson-El's cell, the notice of confiscated property, and Wilson-El's statement that he entered the facility with the headphones. The DHB found Wilson-El guilty of this charge as well, and removed 30 days' good-time credit and one month's commissary privileges and issued a written reprimand. Wilson-El then appealed to the Facility Head and then to the statewide Final Reviewing Authority in both cases, but each upheld the hearing boards' determinations.

Wilson-El then petitioned the district court for writs of habeas corpus under 28 U.S.C. § 2254. Indiana does not provide for judicial review of decisions of prison

administrative bodies, so Wilson-El's appeals to the Final Reviewing Authority satisfied the exhaustion requirement of 28 U.S.C. § 2254(b). *See Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). Alan Finnan, Superintendent of the Wabash Valley Correctional Facility, where Wilson-El is confined, responded to the petitions in January 2007 and Wilson-El filed a motion to extend the time to file a reply. This motion, however, was not docketed by the clerk and the district court, unaware of Wilson-El's motion, denied his petitions. Only after Wilson-El filed his notice of appeal did the clerk docket his motion, which the district court then denied. In doing so, however, the district court advised Wilson-El that he could pursue the matter in the district court by filing a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Wilson-El did not file such a motion.

Wilson-El first contends that the hearing boards' findings of guilt were not supported by sufficient evidence. Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004). To comport with the minimum requirements of due process, the DHB's decision must be supported by "some evidence." *See Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985); *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007). Under this standard, the only relevant question is whether there is any evidence in the record that could support the conclusion reached by the DHB. *See Hill*, 472 U.S. at 455-56.

Here, the prison staff reports provide ample evidence to support Wilson-El's disciplinary convictions. One officer said that he observed Wilson-El out of his cell at a time when he was supposed to be in it for a formal head count. Other reports detail the confiscation of altered property from Wilson-El's cell. It was not necessary for the board to produce or view the item in question.[1] *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (holding a disciplinary report alone can satisfy the "some evidence" standard).

Wilson-El next contends, with regard to the altered property conviction only, that he was not provided with advance notice of the charges against him. The record demonstrates otherwise. The screening report evinces that Wilson-El was notified of this charge, and that he pleaded not guilty and requested a lay advocate. Wilson-El submitted to the district court no evidence to the contrary.

---

[1]Finnan maintains that Wilson-El waived any challenge to the sufficiency of the evidence supporting the altered property conviction by failing to raise it before the district court. In construing Wilson-El's pro se pleadings liberally, we will construe his challenge to the DHB's failure to view the headphones as a challenge to the sufficiency of the evidence.

Wilson-El also suggests that the district court denied him due process by denying his petitions without first ruling on his motion for an extension of time to file a reply. We agree that the clerk's failure to properly docket Wilson-El's motion was unfortunate. But Wilson-El never tendered a reply, nor did he file a motion to vacate the judgment. And he has not explained to us what he would have told the district court had he done so. Even assuming a due process violation occurred, to prevail, Wilson-El must show that the error had a substantial and injurious effect on the outcome of the proceeding, *see Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Rodriguez v. Chandler*, 382 F.3d 670, 674 (7th Cir. 2004) (holding petitioners must meet this standard when the error occurs in direct review), but because Wilson-El has not demonstrated any error in the district court's denial of his petition, he cannot carry this burden.

Wilson-El's final two points can be disposed of quickly. He first argues that he was not given an opportunity to call witnesses in the altered-property proceeding, but as he failed to include that as a ground for relief in his petition to the district court, it is waived. *See Rodriguez v. United States*, 286 F.3d 972, 978 (7th Cir. 2002). He also suggests that the DHB was biased against him, but he provides no evidence in support of this contention.

AFFIRMED.