NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 12, 2008[*]
Decided April 3, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 07-2327

| | |
|---|---|
| ERIC HOLTON, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Western District of |
| | Wisconsin. |
| *v.* | |
| | No. 07 C 241 |
| AMY MORALES, et al., | |
| *Defendants-Appellees.* | John C. Shabaz, |
| | *Judge.* |

**O R D E R**

Eric Holton, a Wisconsin prisoner, seeks relief under 42 U.S.C. § 1983 for due-process violations allegedly arising from a prison disciplinary action. The district court dismissed

---

[*]The appellees were not served with process in the district court and are not participating in this appeal. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2).

the complaint without prejudice at screening for failure to state a claim.  *See* 28 U.S.C. § 1915A.  We affirm.

In 2006 a Wisconsin prison adjustment committee found Holton guilty of making and possessing a crude knife, theft, and altering prison property.  *See* WIS. ADMIN. CODE DOC § 303.34, 303.35, 303.45.  His punishment included one year of disciplinary segregation, restitution of $8.30, and an addition of twenty days before his mandatory release takes effect.  *See id.* § 303.64-303.72, 303.84.  Holton appealed the decision of the adjustment committee to the warden, but to no avail.  *See id.* § 303.76(7).

Holton then filed this action claiming that the adjustment committee had relied upon an erroneous conduct report and thus deprived him of liberty without due process of law.  Holton also argued that the adjustment committee was not impartial because one of its members was the target of a lawsuit brought by Holton's brother, as was the warden who affirmed the committee's decision.

In its order of dismissal, the district court justified its decision as follows:

> In *Zinermon v. Burch*, 439 U.S. 113 (1990), the United States Supreme Court held that a deprivation of an individual's liberty interest does not state a claim under the Fourteenth Amendment due process clause if adequate state post-deprivation remedies exist. Plaintiff has adequate state post-deprivation remedies including administrative remedies, a state petition for a write of habeas corpus, and a state court action for damages. Accordingly, plaintiff's claim must be dismissed for failure to state a claim under federal law.

We are not able, from that brief paragraph, to determine why the district court believed *Zinermon* applied.  However, we need not further develop the district court's analysis because § 1983 is an inappropriate vehicle for the relief Holton seeks in this suit. *See Remet Corp v. City of Chicago*, 509 F.3d 816, 817 (7th Cir. 2007) (holding that judgment may be affirmed on any ground supported by the record).

Habeas corpus provides the exclusive remedy for a state prisoner who wishes to challenge the fact or duration of confinement.  *See, e.g., Muhammad v. Close*, 540 U.S. 749, 750-52 (2004); *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004); *Montgomery v. Anderson*, 262 F.3d 641, 643-44 (7th Cir. 2001).  A § 1983 action that would undermine the validity of a prison disciplinary conviction which directly affects the length of confinement cannot proceed until the prisoner has "achieve[d] favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad*, 512 U.S. at 751; *see Edwards v. Balisok*, 520 U.S. 641 (1997); *Montgomery*, 262 F.3d

at 643-44.  Holton challenges, among other sanctions, the addition of twenty days before his mandatory release takes effect.  Because this punishment affects the duration of his sentence, habeas corpus is the only appropriate vehicle for Holton's due-process claims.  *See* WIS. STAT. § 302.11; *Grennier v. Frank*, 453 F.3d 442, 444 (7th Cir. 2006); *Cochran*, 381 F.3d at 639 ("State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody."); *Felce v. Fiedler*, 974 F.2d 1484, 1491-92 (7th Cir. 1992).  For this reason, the judgment of dismissal is AFFIRMED.