**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 25, 2009[*]
Decided February 27, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-1682

| | |
|---|---|
| JOSEPH A. TAYLOR, | Appeal from the United States District |
| *Petitioner-Appellant*, | Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 2:07-cv-099-RLY-WGH |
| BRETT MIZE,[1] | Richard L. Young, |
| *Respondent-Appellee*. | *Judge*. |

**ORDER**

Indiana prisoner Joseph Taylor appeals the dismissal of his petition for a writ of habeas corpus.  We affirm.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus the appeal is submitted on the briefs and the record.  FED. R. APP. P. 34(a)(2).

[1] Brett Mize, the current superintendent of Pendleton Correctional Facility, has been substituted for Stanley Knight as respondent.  *See* FED. R. APP. P. 43(c).

A prison disciplinary board issued a written reprimand after finding Taylor guilty of refusing a work assignment. The following month, another disciplinary board found Taylor guilty of forgery. As a result of this finding, Taylor lost 180 days' good-time credit, and he was demoted to a lower credit-earning class.

Taylor petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, claiming that his right to due process was violated when he was disciplined for both incidents. Four months later, while Taylor's § 2254 petition was still pending, the Department of Corrections ("DOC") dismissed the forgery conviction and rescinded all related sanctions. In light of the DOC's actions, the district court dismissed Taylor's petition for lack of jurisdiction, reasoning that Taylor's claim regarding the disciplinary matter for forgery was moot. As for the written reprimand Taylor received for refusing a work assignment, the court found that he failed to meet the "in custody" requirement of § 2254 because the sanction did not affect the fact or duration of his confinement. The court subsequently denied Taylor's motion under Federal Rules of Civil Procedure Rule 59(e) to alter or amend judgment.

Taylor's arguments on appeal are not entirely clear, but we understand him to challenge the district court's mootness ruling on the ground that the sanctions relating to the forgery matter have not been dismissed. But Taylor provides no documentary support for this assertion. To the contrary, the record includes a letter from the DOC dismissing the disciplinary conviction for forgery and rescinding all sanctions related to the conviction. (R. 40, Exhibit B to Def. Mem. in Support of Mot. to Dismiss, 9/19/07.) Thus there is no longer any case or controversy, and Taylor's claim was properly dismissed as moot. *See Cochran v. Buss*, 381 F.3d 637, 640 (7th Cir. 2004) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

Taylor also challenges the district court's conclusion that the written reprimand he received did not satisfy the "in custody" requirement of § 2254. But Taylor cannot use habeas corpus to challenge the written reprimand because it does not affect the duration of his confinement or involve a liberty interest under the Due Process Clause. *See Montgomery v. Anderson*, 262 F.3d 641 (7th Cir. 2001); *Sandin v. Conner*, 515 U.S. 472 (1995).

AFFIRMED.