NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 26, 2013[*]
Decided September 26, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD D. CUDAHY, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-1977

| | |
|---|---|
| KERRY L. BROWN, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 13-cv-00312-GPM |
| | |
| DEANNA M. BROOKHART, | G. Patrick Murphy, |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

Kerry Brown, an Illinois state prisoner, appeals the dismissal of his suit under 42 U.S.C. § 1983 alleging that he received insufficient notice in a prison disciplinary

---

[*] Appellee Deanna Brookhart was not served with process in the district court and is not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2).

proceeding. The district court dismissed his complaint as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). We dismiss the appeal.

According to Brown's complaint, he was not adequately informed of the charge against him—filing a frivolous lawsuit in violation of 730 ILCS 5/3-6-3(d)—before being disciplined and losing some of the good-time credits he had earned. (The record does not reflect the basis of Brown's underlying suit, but he attaches to his brief an order from the Woodford County Circuit Court characterizing as frivolous his "Petition for Immediate Release from Custody.") Brown alleged that the charging document did not specify how the suit was frivolous (i.e., it did not refer to any of the grounds listed in the statute) and this violated due process, equal protection, and his Sixth Amendment right to be informed of the nature of the accusation, thereby forestalling his release from prison by eight months.

The district court screened Brown's complaint and dismissed it without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915A. The court concluded that Brown's claim necessarily implied the invalidity of the disciplinary proceeding and was thus barred by *Heck*.

Brown's discursive appellate brief does not address the ground on which the district court decided the case—the *Heck* bar. Instead he says incongruously that his § 1983 suit should not be dismissed because he failed to exhaust state remedies. We grant leeway to plaintiffs who represent themselves, as Brown has done, and do our best to understand inartfully phrased contentions, but an appellant must present a reason to overturn the district court's decision. Because Brown does not contend that the district misunderstood or misapplied *Heck*, this appeal is dismissed for lack of an adequate brief. *See* FED. R. APP. P. 28(a)(9)(A); *Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir. 2001).

We note that Brown asks that the parole term he is now serving be reduced to make up for the good-time credits he says he was erroneously deprived of. To the extent he wants to challenge the duration of his parole (a form of custody), a petition for a writ of habeas corpus is the proper vehicle. *Preiser v. Rodriguez*, 411 U.S. 475, 486 n.6, 500 (1973); *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004).

**DISMISSED**.