**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 27, 2021*
Decided January 27, 2021

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-3545

| | |
|---|---|
| CHRISTOPHER M. MACY, *Petitioner-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:19-cv-02349-RLY-TAB |
| JOHN GALIPEAU, *Respondent-Appellee*. | Richard L. Young, *Judge*. |

**O R D E R**

Christopher Macy, an Indiana prisoner, challenged his disciplinary-hearing conviction for possession of a controlled substance in a petition for writ of habeas corpus under 28 U.S.C. § 2254. He appeals the dismissal of his petition. Because Macy is

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C). For this reason, we also deny the appellant's motion for oral argument.

no longer subject to any penalty that affects the duration of his incarceration, the district court properly dismissed the petition as moot, and we do the same with the appeal.

Macy was serving a 45-year sentence for voluntary manslaughter at the Pendleton Correctional Facility when, in February 2019, two correctional officers searched his cell. They confiscated a small metallic pipe, a medicine bottle containing white powder, a blue piece of paper folded around thin white strips of paper, cotton swabs, and a plastic bottle containing brown liquid. On March 5, 2019, a correctional officer charged Macy with possession of a controlled substance, a synthetic cannabinoid known as "spice." Eight days later, an officer notified Macy of the charge and gave him a copy of the conduct report. Macy pled not guilty and requested testing of the confiscated substances.

Macy's hearing before a disciplinary-hearing officer occurred just one day later, though he had not seen the results of any substance testing. Rejecting Macy's alternative explanations for the confiscated items, the hearing officer found him guilty because his conduct (possession of the items) was clear, and an internal investigator had determined that the substances were spice. The officer then imposed a 30-day loss of commissary privileges and a suspended sanction of 30 days of lost good-time credit.

Macy appealed within the Department of Corrections to no avail. So he filed a § 2254 petition challenging his disciplinary-hearing conviction. Months later, the warden moved to dismiss the petition as moot because the window for enforcing the loss of good-time credit—the only sanction that would impact the duration of Macy's confinement—had elapsed in September 2019. A suspended sanction may be enforced up to six months after the hearing in which it is imposed, but it becomes unenforceable after that. *See* Disciplinary Code for Adult Offenders, IDOC Policy & Administrative Procedures No. 02-04-101, § IX(E)(3)(d), at 37 (June 1, 2015), available at www.in.gov/idoc/3265.htm (last visited Jan. 27, 2021). The district court agreed that the petition was moot and dismissed it for lack of jurisdiction on November 21, 2019.

Macy appealed. The parties dispute whether his notice of appeal, filed with the court on December 30, 2019, was timely under the prison mailbox rule. Macy attests that he submitted it to prison guards on December 19, 2019, within 30 days of the district court's judgment. *See* 28 U.S.C. § 2107(a); FED. R. APP. P. 4(a)(1)(A). But the date stamp placed on the notice of appeal by the Pendleton staff member responsible for court filings is December 30, 2019, and affidavits in the record state that it would not have taken 11 days for the document to make its way to that staff member, who date-stamps

and electronically files documents on the date she receives them. There is no evidence from the "cell house staff" to whom Macy gave the notice of appeal.

But we need not resolve whether the prison mailbox rule preserves appellate jurisdiction in this case. Because "there is no priority among the many reasons for *not* deciding a case," *United States v. Ray*, 831 F.3d 431, 440 (7th Cir. 2016), we may dismiss based on the absence of a live case or controversy without reaching the factual issues surrounding the timeliness of the appeal. *Home Care Providers, Inc. v. Hemmelgarn*, 861 F.3d 615, 620 (7th Cir. 2017).

The district court was correct that the petition is moot because Macy is in no jeopardy of losing good-time credit. Courts may grant a writ of habeas corpus only when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, a petitioner cannot use habeas corpus to challenge a disciplinary sanction that does not affect the fact or duration of his custody. *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004). Here, as in *Cochran*, the prison never imposed the suspended sanction of lost good-time credit, and it is too late now. *Id.* at 640. Further, the unenforced sanction results in no collateral consequences that would keep the case live. *Id.* at 641; *see Pope v. Perdue*, 889 F.3d 410, 414 (7th Cir. 2018). When the district court ruled, Macy had nothing to gain from a successful petition, so the court properly deemed it moot. And because he likewise has nothing to gain from a successful appeal, we lack jurisdiction as well. *Auto Driveaway Franchise Sys., LLC v. Auto Driveaway Richmond, LLC*, 928 F.3d 670, 674 (7th Cir. 2019).

Macy argues that the exception to mootness for cases capable of repetition yet evading review applies both because the six-month window for enforcing suspended sanctions would moot any lawsuit challenging such sanctions, and because he could be sanctioned in the future. But that is beside the point: His petition sought to address alleged constitutional violations in a long-over disciplinary hearing. The case is moot because no court can grant him relief from a sanction he never received; anything we could say about the hearing would be advisory. Further, it would be speculative to assume that Macy will be subject to disciplinary charges in the future, let alone that the proceedings would suffer from the same alleged defects (Macy is no longer housed at Pendleton). *See Eichwedel v. Curry*, 700 F.3d 275, 279–81 (7th Cir. 2012).

DISMISSED