(238 P.3d 328)
No. 103,609

TYRON L. HARDAWAY, *Appellant*, v. LARNED CORRECTIONAL
FACILITY, *et al.*, *Appellees*.

Opinion
filed September 3, 2010.

*Tyron L. Hardaway*, appellant pro se.

*Jon D. Graves*, of Kansas Department of Corrections, for appellees.

Before HILL, P.J., PIERRON and LEBEN, JJ.

LEBEN, J.: Inmate Tyron Hardaway was convicted administratively for taking a cup of soda that apparently belonged to a prison food-service employee and then drinking that soda without permission. A hearing officer ordered that he lose 30 days of good-time credit and serve a 15-day disciplinary segregation, but both sanctions were suspended—not to be imposed at all if he received no further reprimands in the next 120 days. He didn't, and the sanctions weren't imposed.

Hardaway has nonetheless filed a lawsuit under K.S.A. 60-1501, contending that he wasn't given a fair hearing—thus denying him due process—on the charge of taking and drinking the soda without permission. The district court dismissed his claim on the merits after finding no due-process violation, and Hardaway appealed.

The State argues on appeal that Hardaway has not shown that he has any protected liberty interest giving rise to due-process protections. We agree.

Prison officials don't have to provide due-process hearings for most of the decisions they must make in determining the daily activities of inmates. You couldn't run a prison that way. To gain

court review of a prison disciplinary sanction, the inmate's claim under K.S.A. 60-1501 must assert the deprivation of some constitutionally protected interest. Otherwise, the petition may be summarily dismissed. *Anderson v. McKune,* 23 Kan. App. 2d 803, 806-07, 937 P.2d 16, *rev. denied* 262 Kan. 959, *cert. denied* 522 U.S. 958 (1997); see *Wolff v. McDonnell,* 418 U.S. 539, 41 L. Ed. 2d 935, 94 S. Ct. 2963 (1974); *Hogue v. Bruce,* 279 Kan. 848, 850, 113 P.3d 234 (2005). We must begin, then, by determining whether a constitutionally protected interest was implicated in Hardaway's punishment.

A disciplinary segregation doesn't rise to the level of a constitutionally protected interest. The Kansas Supreme Court has held that a prisoner has no protected liberty interest in remaining in the general prison population rather than being separated for a time. *Murphy v. Nelson,* 260 Kan. 589, Syl. ¶ 9, 921 P.2d 1225 (1996); see also *Sandin v. Conner,* 515 U.S. 472, 132 L. Ed. 2d 418, 115 S. Ct. 2293 (1995); *Anderson,* 23 Kan. App. 2d at 807.

Nor does the good-time-credit sanction against Hardaway implicate a constitutionally protected interest. While a sanction that removes good-time credits already earned does implicate a protected liberty interest, *Kesterson v. State,* 276 Kan. 732, Syl. ¶ 2, 79 P.3d 1074 (2003), a prisoner has no protected liberty interest in good-time credits not yet earned or awarded. *In re Habeas Corpus Application of Pierpoint,* 271 Kan. 620, Syl. ¶ 8, 24 P.3d 128 (2001). Thus, an inmate has no protected interest when, due to prison rule violations, he or she loses good-time credit that has not yet been earned or awarded. *Henry v. McKune,* 2009 WL 863354, at *2 (Kan. App. 2009) (unpublished opinion), *rev. denied* 289 Kan. 1278 (2009).

Nothing even that substantial has happened here. Under the disciplinary sanctions order, Hardaway hadn't even lost an ability to earn good-time credits during the time period in which he violated this prison rule: he never lost *any* good-time credit for this violation. The sanctions were suspended, and the State contends that they were never imposed. Hardaway has not provided anything to show that any sanction was ever imposed upon him. Punishments never imposed do not implicate a protected liberty interest.

*Davis v. Ward*, 92 Fed. Appx. 634, 635, 2004 WL 233302 (10th Cir. 2004) (unpublished opinion).

We acknowledge that one federal court has found a protected liberty interest in a similar situation. See *Cochran v. Buss*, 381 F.3d 637, 640 (7th Cir. 2004) (finding a constitutionally protected interest in the possibility that good-time credits will be taken if suspended disciplinary sentence is later imposed). We find the *Davis* case more persuasive. *Cochran* relied upon an analogy to cases broadly interpreting the statutory requirement that a state prisoner be "in custody" to obtain federal habeas relief, a situation in which federal courts have held that "custody" includes, for example, a defendant free on parole but subject to parole revocation. 381 F.3d at 639-40. We do not believe that those statutory-interpretation cases are relevant in determining whether a constitutionally protected interest is at stake. We also do not believe that this is akin to a suspended prison sentence ordered as a court judgment after a conviction. See *Cochran*, 381 F.3d at 640. In those cases, the not-yet-convicted defendant at trial has much greater constitutional due-process protections than the inmate has in a prison disciplinary case.

But many cases, like this one, have needed to determine whether a constitutionally protected interest was at stake, and those make a closer parallel than the situations that the *Cochran* court found persuasive. Those cases have looked at the sanctions actually imposed, not ones that could have been but were not. *E.g.*, *Sandin*, 515 U.S. at 487 (determining whether inmate had a protected liberty interest based on the "regime to which he was subjected as a result of the misconduct hearing"); *Murphy*, 260 Kan. at 603 (finding no protected interest based on the sanction imposed, which was administrative segregation within the prison); *Henry*, 2009 WL 863354, at *1 (determining whether protected liberty interest was at stake based on sanctions imposed).

Despite Hardaway's prison-misconduct conviction, he has not suffered any deprivation that would implicate a protected liberty interest. We therefore do not consider whether the prison disciplinary hearing on this charge met all of the normal standards of due process. *Davis*, 92 Fed. Appx. at 636-37.

The district court's order summarily dismissing Hardaway's K.S.A. 60-1501 petition is therefore affirmed.