NOT DESIGNATED FOR PUBLICATION

No. 113,337

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ROBERTO S. RINCON,
*Appellant*,

v.

JAY SHELTON, Warden
Norton Correctional Facility,
*Appellee*.


MEMORANDUM OPINION

Appeal from Norton District Court; PRESTON A. PRATT, judge. Opinion filed September 18, 2015. Affirmed.

*Roberto S. Rincon*, appellant pro se.

*Robert E. Wasinger*, legal counsel, Department of Corrections, Norton Correctional Facility, for appellee.


Before LEBEN, P.J., GREEN, J., and JEFFREY E. GOERING, District Judge, assigned.

*Per Curiam*: Roberto Rincon appeals from the summary dismissal of his K.S.A. 60-1501 petition. The facts pertinent to this appeal are straightforward. Rincon is an inmate at the Norton Correctional Facility. In October of 2014, Rincon was talking to another inmate and was overheard by Officer L.S. Brown using the term "chomo," which is a slang term used to describe child molesters. Officer Brown ordered Rincon to stop discussing the subject of child molesters. A week later, Rincon was again discussing with other inmates who, among the inmate population, were child molesters. A disciplinary

report was filed alleging Rincon disobeyed orders in violation of K.A.R. 44-12-304 and was disrespectful in violation of K.A.R. 44-12-305.

The allegation that Rincon had disobeyed orders was subsequently dismissed. However, Rincon was found guilty of being disrespectful. The sanction imposed was a $10 fine, which was suspended for 120 days. After the 120-day period expired, the fine was never enforced.

Rincon timely appealed to the Secretary of the Kansas Department of Corrections. The Secretary's designee approved the hearing officer's decision. Rincon filed a timely petition pursuant to K.S.A. 60-1501 with the district court. The district court summarily dismissed the petition. The district court held that because Rincon's $10 fine was suspended and never enforced he was not deprived of a constitutionally protected liberty interest.

Rincon timely appeals the dismissal of his petition. On appeal, Rincon argues that the constitutionally protected liberty interest of which he was deprived was his freedom of speech. In addition, Rincon argues that there was insufficient evidence to support his conviction for being disrespectful and that his due process rights were violated when he was denied the right to have Officer Brown appear as a witness.

For the reasons that follow, we conclude that Rincon was not deprived of a constitutionally protected liberty interest. Accordingly, it is not necessary to address Rincon's other claims of error.

To state a claim for relief under K.S.A. 60-1501, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). Summary dismissal is proper "if, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from

2

undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists." 289 Kan. at 648-49; see K.S.A. 60-1503(a). In order to summarily dismiss a habeas corpus petition, the district court "must accept the facts alleged by the inmate as true." *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005). It must also decide whether the alleged facts and their inferences state a claim on any possible theory. *Hill v. Simmons*, 33 Kan. App. 2d 318, 320, 101 P.3d 1286 (2004) (quoting *Foy v. Taylor*, 26 Kan. App. 2d 222, 223, 985 P.2d 1172, *rev. denied* 268 Kan. 886 [1999]). The appellate court has unlimited review of a summary dismissal. *Johnson*, 289 Kan. at 649.

A panel of this court noted in *Hardaway v. Larned Correctional Facility*, 44 Kan. App. 2d 504, 504-05, 238 P.3d 328 (2010):

> "Prison officials don't have to provide due-process hearings for most of the decisions they must make in determining the daily activities of inmates. You couldn't run a prison that way. To gain court review of a prison disciplinary sanction, the inmate's claim under K.S.A. 60-1501 must assert the deprivation of some constitutionally protected interest."

Another panel of this court in *Washington v. Roberts*, 37 Kan. App. 2d 237, 240, 152 P.3d 660 (2007), applied a two-step analysis for claims of due process violations. First, the court determined whether the State deprived the inmate of life, liberty, or property. 37 Kan. App. 2d at 240. If such a deprivation has occurred, the court next determines the nature and extent of the process due.

Turning to the facts in this appeal, the district court correctly held that the $10 fine which was suspended and never enforced did not deprive Rincon of a constitutionally protected liberty interest. Suspended punishments that were never imposed do not rise to the level of constitutionally protected interests. *Hardaway*, 44 Kan. App. 2d at 505.

3

Regarding Rincon's claim that he was deprived of his right to free speech, we begin with the observation that inherent in lawful incarceration is the limitation of rights and privileges that an individual would otherwise enjoy as a free person. In *Pell v. Procunier*, 417 U.S. 817, 822, 94 S. Ct. 2800, 41 L. Ed. 2d 495 (1974), the United States Supreme Court addressed the First Amendment limitations that are an inherent by-product of lawful incarceration:

"We start with the familiar proposition that '(l)awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.' [Citations omitted.] In the First Amendment context a corollary of this principle is that a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system. Thus, challenges to prison restrictions that are essential to inhibit First Amendment interests must be analyzed in terms of the legitimate policies and goals of the corrections system, to whose custody and care the prisoner has been committed in accordance with due process of law."

Internal security is one of the more important of legitimate policies and goals of penal institutions. As noted by the *Pell* Court, "central to all other corrrections goals is the institutional consideration of internal security within the corrections facilities themselves. It is in the light of these legitimate objectives that a court must assess challenges to prison regulations based on asserted constitutional rights of prisoners." 417 U.S. at 823.

When a prisoner challenges a prison regulation's impingement upon his or her constitutional rights, a court analyzes the validity of the regulation under the rational basis test to determine if it is "'reasonably related to legitimate penological interests.'" *Pool v. McKune*, 267 Kan. 797, 804, 987 P.2d 1073 (1999) (quoting *Turner v. Safley*, 482 U.S. 78, 89, 107 S. Ct. 2254, 96 L. Ed. 2d 64 [1987]).

In this case, Officer Brown overheard Rincon using the term "chomo" in conversation with another inmate. Brown informed Rincon that he needed to stop discussing the subject. About a week later, according to the disciplinary report, Rincon "was discussing with other workers what inmates were chomo's[,] making comments such as they are everywhere. He was naming inmate[s] who he thought were child molester[s]." In his appellate brief, Warden Shelton has articulated a valid and rational connection between the need to prevent inmates from discussing who, among the prison population are child molesters, and a legitimate interest in the internal security of the prison:

> "Individuals sentenced for sex crimes—particularly sex crimes against children—are preyed upon by other inmates, and it is always a constant challenge for prison officials to provide for the safety and security of these individuals. Prison officials cannot tolerate inciting language in areas of the prison where more than a couple of inmates congregate, and wherein the security posture of the prison can be compromised."

We find that there was a rational connection between Officer Brown ordering Rincon to refrain from discussing child molesters and the facility's interest in protecting inmates. Rincon has failed to show that his ability to discuss which inmates are child molesters is a protected liberty interest that gives rise to due process protections. As such, the district court committed no error when it summarily dismissed Rincon's K.S.A. 60-1501 petition. The district court's judgment is affirmed.

Affirmed.

5