NOT DESIGNATED FOR PUBLICATION

No. 115,593

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MATTHEW SUNDGREN,
*Appellant*,

v.

DANIEL SCHNURR,
*Appellee*.


MEMORANDUM OPINION

Appeal from Ellsworth District Court; RON SVATY, judge. Opinion filed November 10, 2016.
Affirmed.

*Matthew C. Sundgren*, appellant pro se.

*Robert E. Wasinger*, of Kansas Department of Corrections, Ellsworth Correctional Facility, for
appellee.


Before GREEN, P.J., MCANANY and STANDRIDGE, JJ.


*Per Curiam*:  In his pro se appeal, Matthew Sundgren argues that the trial court
erred by summarily dismissing his K.S.A. 60-1501 petition because his due process rights
were violated at his prison disciplinary hearing. On the other hand, Daniel Schnurr, the
warden of the Ellsworth Correctional Facility (ECF), contends that Sundgren has failed to
state any facts within his K.S.A. 60-1501 petition entitling him to relief. We agree.
Accordingly, we affirm.

1

On September 24, 2015, a corrections officer found an 8-inch metal rod with a sharpened end in Sundgren's prison cell. Sundgren shared his cell with a roommate. The metal rod was found in the common area of the cell, wedged between a desk and a wall. Sundgren was charged with possessing dangerous contraband in violation of K.A.R. 44-12-901.

At his prison disciplinary hearing, Sundgren alleged that the metal rod could not have been his because he had just transferred into ECF from another prison 2 days earlier. The corrections officer testified about finding the metal rod in the common area of Sundgren's cell. When asked if the metal rod could have belonged to the previous occupant of Sundgren's cell, the corrections officer responded, "I cannot answer that."

The hearing officer found Sundgren guilty of possessing dangerous contraband, explaining:

> "Found guilty due to evidence, report and testimony of parties involved. Inmate Sundgren does not deny that the item cited in the report was found in the cell he was assigned to at the time of the incident. Ultimately the inmates that are assigned to the cell are responsible for anything found there. [The corrections officer] is very clear that the item was found [in Sundgren's cell] during a search. This [was] the cell Inmate Sundgren was assigned to. This hearing officer believes that the preponderance of evidence makes it more likely true than not that inmate Sundgren is guilty of [possessing dangerous contraband]."

Because Sundgren included just the first page of his disciplinary report in the record on appeal, the record on appeal does not include details about the punishments the hearing officer imposed. Nevertheless, Schnurr has attached the entire disciplinary report to his brief. The attached disciplinary report shows that the hearing officer punished Sundgren by placing him in disciplinary segregation for 14 days, restricting his privileges for 30 days, and removing 14 days of good-time credit, but suspended those punishments for

120 days. The attached disciplinary report also shows that Schnurr's designee approved the hearing officer's decision.

Sundgren appealed his prison disciplinary conviction and punishment to the Secretary of Corrections (Secretary). On October 15, 2015, the Secretary affirmed the hearing officer's decision, based on the following: (1) that the hearing officer substantially complied with departmental and facility procedures; and (2) that the hearing officer's decision was supported by some evidence. Sundgren never challenged the Secretary's decision by filing a petition for writ of habeas corpus under K.S.A. 2015 Supp. 60-1501.

Instead, 3 months later, on January 15, 2016, Sundgren wrote a letter to the ECF disciplinary administrator with complaints of the following: (1) that he was not guilty of possessing dangerous contraband; (2) that the corrections officer and hearing officer were biased against him; and (3) that the hearing officer's decision was not supported by sufficient evidence. In the letter, Sundgren also recognized that he never challenged the Secretary's decision by filing a K.S.A. 60-1501 petition: "I appealed [to the Secretary], but the decision was upheld. I can't challenge it in [the] District Court because I wasn't fined and the loss of good-time was suspended." The ECF disciplinary administrator responded that Sundgren could not use prison grievance procedures as a way to collaterally attack prison disciplinary procedures.

On February 4, 2016, Sundgren filed a formal grievance against the hearing officer. In the formal grievance, Sundgren repeated the allegations in his January 2016 letter. Sundgren also tried to distinguish his grievance from his disciplinary case by stating that he was "not using grievance [procedures] as [a] substitute []or part of disciplinary procedure." Nonetheless, Sundgren then stated that he was challenging the mishandling of evidence in his disciplinary case, the impartiality of the hearing officer, his conviction of possessing dangerous contraband, and the punishments imposed.

3

On February 5, 2016, a corrections officer responded that Sundgren could not use prison grievance procedures as a substitute for prison disciplinary procedures. On the section of the form entitled "INMATE RESPONSE," Sundgren stated that he wanted the warden to review his grievance. Yet, the section on the form entitled "WARDEN RESPONSE" is blank.

On February 26, 2016, Sundgren filed a K.S.A. 60-1501 petition for writ of habeas corpus with the trial court repeating the allegations within his January 2016 letter and February 2016 formal grievance. Sundgren argued that the "unlawful disciplinary process" violated his due process rights. Sundgren further argued that the KDOC refused to allow him to exhaust his administrative remedies.

On February 29, 2016, the trial court summarily dismissed Sundgren's K.S.A. 60-1501 petition because Sundgren had failed to state any facts entitling him to relief.

*Did the Trial Court Err By Summarily Dismissing Sundgren's K.S.A. 60-1501 Petition?*

On appeal, Sundgren argues that the trial court erred when it summarily dismissed his K.S.A. 60-1501 petition because his due process rights were violated "throughout the disciplinary hearing and disciplinary appeal process." It seems Sundgren believes that his due process rights were violated based on two reasons: (1) there was insufficient evidence to support his prison disciplinary conviction; and (2) there was partiality on the part of the officials at his prison disciplinary hearing. On the contrary, Schnurr contends that the trial court correctly dismissed Sundgren's K.S.A. 60-1501 petition because none of the punishments imposed on Sundgren during the disciplinary process affected a liberty interest.

Under K.S.A. 2015 Supp. 60-1501, "any person in this state who is detained, confined or restrained of liberty on any pretense whatsoever . . . physically present in this

4

state may prosecute a writ of habeas corpus in the supreme court, court of appeals or the district court of the county in which such restraint is taking place."

When reviewing the summary dismissal of a K.S.A. 2015 Supp. 60-1501 petition, this court exercises de novo review. *Johnson v. State*, 289 Kan. 642, 649, 215 P.3d 575 (2009). To successfully state a claim for relief within a K.S.A. 2015 Supp. 60-1501 petition, the petitioner must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson*, 289 Kan. at 648. "[I]f, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists," then summary dismissal is proper. *Johnson*, 289 Kan. at 648-49; see K.S.A. 2015 Supp. 60-1503(a).

To determine if the petitioner might be entitled to relief, this court engages in a two-step analysis: "First, the court must determine whether the State has deprived the petitioner of life, liberty, or property. If so, the court next determines the extent and the nature of the process due." *Johnson*, 289 Kan. 642, Syl. ¶ 3. "The question of whether an individual's constitutional rights have been violated is a question of law over which an appellate court exercises unlimited review." *Johnson*, 289 Kan. 642, Syl. ¶ 3. Additionally, while engaging in this analysis, an appellate court must accept the facts alleged by the petitioner as true.

In this case, it is readily apparent that the trial court did not err when it summarily dismissed Sundgren's K.S.A. 60-1501 petition.

First, despite his contentions to the contrary, Sundgren is obviously using grievance procedures to collaterally attack his prison disciplinary case. Sundgren filed a grievance. Then, he filed a K.S.A. 60-1501 petition challenging the denial of his grievance. Yet, within his K.S.A. 60-1501 petition, he asserted that his prison disciplinary

5

hearing was unfair and that his prison disciplinary conviction and punishments must be reversed. Thus, Sundgren implicitly concedes that all of his complaints stem from his prison disciplinary case.

K.A.R. 44-15-101a(d)(2) states that "grievance procedure[s] shall not be used in any way as a substitute for, or as part of, the inmate disciplinary procedure." See also *Amos v. Heimgartner*, No. 113,954, 2015 WL 9302917, at *4 (Kan. App. 2015) (unpublished opinion), *rev. denied* 304 Kan. ___ (2016) (holding that inmates cannot obtain relief when they challenge their prison disciplinary cases through prison grievances procedures). As a result, K.A.R. 44-15-101a(d)(2) prevents Sundgren from collaterally attacking his prison disciplinary case through prison grievance procedures. Accordingly, this court must affirm the trial court's summary dismissal of Sundgren's K.S.A. 60-1501 petition.

Second, even if we were to construe Sundgren's K.S.A. 60-1501 petition as a direct challenge of the Secretary's final decision to affirm his prison disciplinary conviction and punishment, we would deny Sundgren relief on procedural grounds because he failed to file the petition in a timely manner as required by the applicable statute. K.S.A. 2015 Supp. 60-1501(b) states that "an inmate in the custody of the secretary of corrections shall file a petition for writ pursuant to subsection (a) within 30 days from the date the action was final, but such time is extended during the pendency of the inmate's timely attempts to exhaust such inmate's administrative remedies." Here, Sundgren appealed his prison disciplinary conviction and punishment to the Secretary. On October 15, 2015, the Secretary affirmed the hearing officer's decision. Although Sundgren had until November 16, 2015, to file a petition for writ of habeas corpus challenging his disciplinary conviction and punishment, he did not do so until February 26, 2016. Given Sundgren's failure to comply with the applicable statute by filing the K.S.A. 60-1501 petition within 30 days from the date his disciplinary action became final, we find the trial court did not err when it summarily dismissed Sundgren's petition.

6

Third, even (1) if Sundgren were using prison disciplinary appeal procedures to challenge his conviction and punishments and (2) if his petition for writ of habeas corpus had been timely filed, his arguments would still fail because he has failed to comply with his burden to designate a record supporting his arguments. A party claiming error has the burden to designate a record that affirmatively shows prejudicial error. Without such a record, appellate courts presume that there was no error. *State v. Sisson*, 302 Kan. 123, 128, 351 P.3d 1235 (2015). Moreover, attachments to an appendix of an appellate brief "cannot be used as a substitute for the record on appeal." *City of Mission Hills v. Sexton*, 284 Kan. 414, 435, 160 P.3d 812 (2007). This means that appellants still have the burden to designate a record supporting their arguments even when a party has attached relevant documents to an appellate brief.

As mentioned in the facts section of this memorandum, Sundgren has included only one page of his disciplinary report in the record on appeal. Because Schnurr has attached the entire disciplinary report to his appellee brief, we know that the pages Sundgren has failed to include contain the punishments imposed and Schnurr's designee's approval of the hearing officer's decision. As a result, this court cannot properly evaluate whether any prison disciplinary procedures were violated. Without knowing what punishments the hearing officer imposed, this court cannot determine if Sundgren's due process rights were violated by any deprivation of life, liberty, or property. Furthermore, from the lack of record on appeal, it is unclear if Sundgren complied with his burden to exhaust administrative remedies. In summary, none of Sundgren's complaints can be properly analyzed given the condition of the record on appeal. Based on Sundgren's failure to designate a record supporting his arguments, this court has no option but to presume that his due process rights were not violated.

Finally, even (1) if Sundgren were using prison disciplinary appeal procedures to challenge his conviction and punishments, (2) if his petition for writ of habeas corpus had been timely filed, and (3) if the record had included the entire disciplinary report,

7

Sundgren's arguments would still fail. In short, the disciplinary report would have definitively established that he was not entitled to relief under K.S.A. 2015 Supp. 60-1501. Again, Sundgren's punishment included 14 days in disciplinary segregation, 30 days of restricted privileges, and 14 days of lost good-time credit, but the hearing officer suspended these punishments for 120 days. This meant that as long as Sundgren did not commit any other disciplinary violations during the 120 days following his hearing, none of his punishments would be imposed. In his brief, Schnurr asserts that those punishments were never imposed. Moreover, Sundgren implicitly conceded that those punishments were never imposed in his January 2016 letter when he stated he could not successfully petition his disciplinary conviction and punishments to the trial court because "loss of good-time credit was suspended."

Although disciplinary segregation and restriction of privileges do not rise to the level of constitutionally protected due process interests, inmates have a protected liberty interest in good-time credits already earned. See *Hardaway v. Larned Corr. Facility*, 44 Kan. App. 2d 504, 505, 238 P.3d 328 (2010). Nevertheless, as Schnurr argues in his brief, Sundgren's punishment involving loss of good-time credits did not implicate a constitutionally protected interest. In *Hardaway*, this court held that a loss of good-time credits does not implicate a liberty interest protected by the due process clause when (1) the imposition of the punishment was suspended on the condition that the inmate did not commit any new violations for a certain time period, and (2) the punishment was never imposed because inmate did not commit any new violations during that certain time period. 44 Kan. App. 2d at 505-06. The *Hardaway* court explained that under such circumstances, no punishment was imposed, therefore, no liberty interest protected under the due process clause could have been implicated. 44 Kan. App. 2d at 506

Sundgren's case is identical to *Hardaway*. Because Sundgren successfully went 120 days without committing another disciplinary violation, the punishment of 14 days of lost good-time credit was never imposed. In turn, Sundgren never suffered a deprivation

of a constitutionally protected interest. Thus, Sundgren cannot use K.S.A. 2015 Supp. 60-1501 to obtain relief, and the trial court properly dismissed Sundgren's K.S.A. 60-1501 petition.

In summary, there are multiple reasons why this court cannot reach the merits of Sundgren's arguments regarding the insufficient evidence supporting his prison disciplinary conviction and the impartiality of the officials at his prison disciplinary hearing. Sundgren has improperly used prison grievance procedures to collaterally attack his prison disciplinary conviction and punishments in violation of K.A.R. 44-15-101a(d)(2). Moreover, even if Sundgren had used the appropriate prison disciplinary procedures to attack his disciplinary conviction and punishments, he would not be entitled to relief because (1) he has failed to timely file a K.S.A. 60-1501 petition challenging the Secretary's decision to affirm his conviction and punishments; (2) he has failed to comply with his burden to designate a record supporting his argument; and (3) he has not suffered any punishment that resulted in the deprivation of a constitutionally protected interest. Accordingly, we affirm the trial court's ruling that Sundgren's K.S.A. 60-1501 petition did not allege any facts entitling him to relief.

Affirmed.