NOT DESIGNATED FOR PUBLICATION

No. 115,069

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DENORVAL SEAWOOD,
*Appellant*,

v.

REX PRYOR, Warden,
*Appellee*.


MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed January 20, 2017. Affirmed.

*Michael G. Highland*, of Bonner Springs, for appellant.

*Sherri Price*, legal counsel and special assistant attorney general, for Lansing Correctional Facility, for appellee.


Before ARNOLD-BURGER, C.J., PIERRON and MALONE, JJ.


*Per Curiam*:  Inmates bringing K.S.A. 2015 Supp. 60-1501 claims must assert the deprivation of some constitutionally protected interest to avoid summary dismissal of their claims. Denorval Seawood was convicted of violating K.A.R. 44-12-311 and, as a result, lost his prison job. Seawood argues that he has a constitutionally protected interest in his employment. However, inmates do not have a constitutionally protected interest in employment. Because Seawood does not assert a violation of his constitutional rights, it was appropriate for the district court to dismiss his case.

1

One day prison officials observed that Seawood was moving slower than normal, seemed confused with conversation, and also had bloodshot eyes. As a result, Seawood was convicted of violating K.A.R. 44-12-311 (being in a condition of drunkenness, intoxication, state of altered consciousness), despite arguing that the bloodshot eyes were a result of allergies. The prison ordered Seawood to serve 45 days of disciplinary segregation and restricted Seawood's privileges for 30 days, but both of these punishments were suspended. Because of his conviction, Seawood lost a private industry job he held at the prison.

Seawood appealed to the Secretary of Corrections, who approved the disciplinary board's decision. Seawood then filed a petition for writ of habeas corpus in the district court which was granted. After a hearing, the district court dismissed Seawood's petition. Noting that an inmate's claim under K.S.A. 2015 Supp. 60-1501 must assert the deprivation of a constitutionally protected interest, the district court held that Seawood did "not assert a constitutionally protected interest of which he was deprived." The court explained that "[w]hen an inmate's sanctions are suspended, then as a matter of law, there is no deprivation of a constitutionally protected interest." Additionally, "confinement of a prisoner in administrative segregation and restricting his privileges are not the type of significant deprivations by which the State of Kansas might create a liberty interest." Finally, the district court held that there was some evidence to support the hearing officer's decision.

Seawood appealed.

ANALYSIS

Seawood argues that his due process rights were implicated when he lost his prison job as a result of his conviction. Seawood also argues that "[t]here was zero evidence, much less 'some' evidence, that petitioner was intoxicated." Finally, Seawood argues that he was denied his due process right to call witnesses at his disciplinary hearing.

"To gain court review of a prison disciplinary sanction, the inmate's claim under K.S.A. 60-1501 must assert the deprivation of some constitutionally protected interest. Otherwise, the petition may be summarily dismissed." *Hardaway v. Larned Correctional Facility*, 44 Kan. App. 2d 504, 504-05, 238 P.3d 328 (2010). Seawood claims that he has a constitutionally protected due process interest in his prison job. The issue of whether due process has been afforded is a question of law over which an appellate court exercises unlimited review. *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005).

Inmates do not have a constitutionally protected interest in employment. *Stansbury v. Hannigan*, 265 Kan. 404, 421, 960 P.2d 227 (1998) (citing *Templeman v. Gunter*, 16 F.3d 367, 370 [10th Cir. 1994]); *Gilmore v. McKune*, 23 Kan. App. 2d 1029, 1037, 940 P.2d 78 (1997). Furthermore, while the loss of his job was an indirect consequence of Seawood's K.A.R. 44-12-311 conviction, it was not part of the direct sanctions imposed on Seawood. The sanctions that the prison did impose and then suspend—disciplinary segregation and restricted privileges—did not implicate Seawood's constitutional rights because "[p]unishments never imposed do not implicate a protected liberty interest." *Hardaway*, 44 Kan. App. 2d at 505. Additionally, "disciplinary segregation doesn't rise to the level of a constitutionally protected interest." 44 Kan. App. 2d at 505.

Because Seawood did not assert the deprivation of a constitutionally protected interest, we are unable to consider his claims regarding sufficiency of the evidence in his

disciplinary hearing. The district court's dismissal of Seawood's writ of habeas corpus is affirmed.

Affirmed.