NOT DESIGNATED FOR PUBLICATION

No. 115,452

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CLEDITH BOHANON,
*Appellant*,

v.

SAM CLINE, *et al.*
*Appellees*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed November 22, 2017. Affirmed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Jon D. Graves*, of Kansas Department of Corrections, and *Derek Schmidt*, attorney general, for appellees.

Before GARDNER, P.J., GREEN, J., and MERYL D. WILSON, District Judge, assigned.

PER CURIAM: Cledith Bohanon appeals the dismissal of his habeas petition filed under K.S.A. 60-1501. Bohanon was placed in the Enhanced Management Unit (EMU) following an investigation under the Prison Rape Elimination Act. Bohanon maintained that the underlying investigation showed that the evidence against him was insufficient to support his placement in the EMU. As a result, he filed a petition for writ of habeas corpus under K.S.A. 60-1501, which was later dismissed by the trial court. On appeal, Bohanon argues that the trial court erred when it dismissed his petition because the

1

stigma associated with being a prison sex offender and being placed in the EMU implicated a liberty interest. Nevertheless, because he is raising this argument for the first time on appeal, we affirm the dismissal of Bohanon's habeas petition.

After exhausting administrative remedies, Bohanon filed two pro se K.S.A. 60-1501 petitions with the Reno County District Court. On June 12, 2015, Bohanon filed a petition that resulted in the opening of Reno County Case No. 15 CV 191. On October 1, 2015, Bohanon filed a petition that resulted in the opening of Reno County Case No. 15 CV 316. In both petitions, Bohanon complained about being placed in the EMU of the Hutchinson Correctional Facility (HCF) because of past alleged sexual misconduct. He argued that his placement in the EMU constituted a violation of his due process and equal protection rights.

Sam Cline, the warden of the HCF, responded to each of Bohanon's petitions by arguing that Bohanon had unsuccessfully made identical arguments in prior habeas petitions. Cline also argued that Bohanon should be made to clarify his claims because they had not stated a constitutional claim that entitled him to relief.

The trial court ultimately dismissed the petition filed in the 15 CV 191 case and in the petition filed in the 15 CV 316 case. The history of Bohanon's 15 CV 191 and 15 CV 316 cases, starting with the dismissal of his petition in the 15 CV 191 case, is as follows:

- On July 8, 2015, the trial court dismissed Bohanon's 15 CV 191 case, for two reasons: (1) because Bohanon had raised identical arguments in two earlier petitions filed with the court, and (2) because Bohanon had failed to state a claim for which relief could be granted.
- On August 3, 2015, Bohanon appealed the trial court's decision to dismiss his 15 CV 191 case to this court. This appeal was assigned appellate case No. 114,302.
- On October 1, 2015, Bohanon filed the habeas petition in the 15 CV 316 case.

2

- On January 4, 2016, the trial court dismissed Bohanon's 15 CV 316 case for two reasons: (1) because Bohanon had raised identical arguments in three earlier petitions filed with the court, and (2) because Bohanon had failed to state a claim for which relief could be granted. In dismissing Bohanon's 15 CV 316 case, the trial court explicitly "adopt[ed] and incorporate[ed] . . . by reference its rulings from [] earlier cases, as summarized in Reno County Case 15 CV 191 . . ."

- On January 11, 2016, Bohanon timely appealed the dismissal of his 15 CV 316 case. This appeal was assigned appellate case No. 115,452.

- On July 26, 2016, Cline moved to consolidate Bohanon's appeal of the dismissal of his 15 CV 316/115,452 case with his appeal of the dismissal of his 15 CV 191/114,302 case, asserting that Bohanon had raised identical issues in both cases. Alternatively, he requested that this court stay Bohanon's appeal in the 15 CV 316/115,452 case.

- On August 11, 2016, this court denied Cline's motion to consolidate the cases, explaining: "The other case is scheduled to be heard on the Court of Appeals' August docket, making consolidation impossible." Still, this court stayed Bohanon's appeal in 15 CV 316/115,452 until the panel deciding Bohanon's 15 CV 191/114,302 case had made its decision. Later that day, Bohanon responded to Cline's motion to consolidate. He agreed that in the interest of judicial economy, the cases should be consolidated because the issues raised in his petitions and in his briefs were nearly identical.

- On September 2, 2016, this court issued its opinion in Bohanon's 15 CV 191/114,302 case in *Bohanon v. Cline*, No. 114,302, 2016 WL 4585091 (Kan. App. 2016) (unpublished opinion). Citing *Jamerson v. Heimgartner*, 304 Kan. 678, 685-86, 372 P.3d 1236 (2016), where our Supreme Court listed several factors trial courts may consider to determine if an inmate's segregation was so atypical it implicated a liberty interest, this court remanded Bohanon's case for an evidentiary hearing to determine if Bohanon's placement in the EMU implicated a

3

protected liberty interest. The panel specifically declined to apply the doctrine of res judicata to bar Bohanon's appeal. 2016 WL 4585091, at *3.

- On June 21, 2017, the trial court held an evidentiary hearing on the preceding issue. It determined that placement in the EMU did not involve a protected liberty interest.

- On June 22, 2017, Bohanon filed a notice of appeal in his 15 CV 191/114,302 case. In his notice of appeal, he stated he was appealing the trial court's ruling against him upon remand. That same day, Cline filed a status report with this court in which he argued Bohanon's 15 CV 316/115,452 case was now moot. This court responded by issuing a show cause order.

- On July 3, 2017, Bohanon responded to the show cause order as follows:  "The issues in cases [114,302] and [115,452] are identical. Once docketed, consolidation of the new appeal and this appeal would be feasible. The matter is not, therefore, moot."

- On July 10, 2017, this court noted the parties' responses and retained Bohanon's 15 CV 191/115,452 appeal. It also lifted its prior stay.

*Did the Trial Court Err When It Dismissed Bohanon's Habeas Petition?*

"To avoid summary dismissal of a K.S.A. 60-1501 petition, the petitioner's allegations must be of shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009); *Hardaway v. Larned Correctional Facility*, 44 Kan. App. 2d 504, 504-05, 238 P.3d 328 (2010).  Trial courts may summarily deny a petition in two instances—when it can be established on the face of the petition that the petitioner is not entitled to relief and when as a matter of law there is no basis for granting the writ. *Johnson*, 289 Kan. at 648. Traditional prison disciplinary segregation does not involve shocking and intolerable conduct or continuing mistreatment of a constitutional stature. 289 Kan. at 648. When

reviewing challenges to the summary dismissal of K.S.A. 60-1501 petitions, appellate courts exercise de novo review. 289 Kan. at 648.

Here, Bohanon's sole argument on appeal hinges on the stigma associated with "being a prison sex offender" who has been placed in the EMU. Bohanon asserts that "[t]he continued refusal to consider [him] for parole and his classification based upon information that is allegedly inaccurate represents continuing misconduct of a constitutional nature, depriving him of his liberty by keeping him under the authority of the Secretary of Corrections, and thus states an actionable claim under K.S.A. 60-1501." In other words, Bohanon is arguing that the stigma associated with being a prison sex offender placed in the EMU has prevented him from obtaining parole, meaning a liberty interest is at stake. He asserts that this stigma is of an ongoing nature, which makes his case different from cases involving traditional prison segregation.

Cline responds with numerous arguments why Bohanon's appeal should fail. Cline asserts that Bohanon's arguments are barred under the doctrine of res judicata because "the same petitioner in cases 15 CV 191 and 15 CV 316 sued the same respondent with the same cause of action for the same remedy seeking in 15 CV 316 to have the rulings of the same district court in case 15 CV 191 reversed." Cline argues that Bohanon's argument is moot based on what has occurred in his 15 CV 191/114,302 case. He alternatively argues that this court should affirm because the trial court's reasons for dismissing Bohanon's 15 CV 316 petition were correct. He notes that Bohanon raised similar arguments in many other cases while also asserting that placement in the EMU fails to implicate protected liberty interests.

Yet, the procedural history of Bohanon's 15 CV 191/114,302 and 15 CV 316/115,452 cases complicates this court's consideration of Bohanon's appeal. Regarding res judicata, "[b]efore the doctrine of res judicata will bar a successive suit, the following four elements must be met:  (a) the same claim; (b) the same parties; (c) claims that were

5

or could have been raised; and (d) a final judgment on the merits. *Cain v. Jacox*, 302 Kan. 431, Syl. ¶ 2, 354 P.3d 1196 (2015). Cline argues that this court should find that Bohanon's current appeal is barred under the doctrine of res judicata based on his 15 CV 191/114,302 case. Our problem with this argument is the following:  Because Bohanon has filed a notice of appeal in his 15 CV 191/114,302 case, there is, yet, no final judgment on the merits in Bohanon's 15 CV 191/114,302 case.

Next, regarding mootness, mootness occurs when "it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, *and* it would not impact any of the parties' rights." (Emphasis added.) *Wiechman v. Huddleston*, 304 Kan. 80, 84, 370 P.3d 1194 (2016). Cline's argument regarding mootness turns on his belief that this court would not "issue a decision that differed from the earl[ier] one." He even asserts:  "If this court respects the rulings of the prior panel, the case in controversy is moot." Very clearly, one panel's respect for another panel's decision has nothing to do with mootness. Additionally, one panel of this court is under no obligation to agree with another panel's decision. See *Uhlmann v. Richardson*, 48 Kan. App. 2d 1, 13, 287 P.3d 287 (2012).

Moreover, an actual controversy may still exist. This panel may disagree with the earlier panel that decided the 15 CV 191/114,302 case or it may agree with it. Indeed, in disagreeing with the earlier panel, this court could hold that Bohanon has established his placement in the EMU creates such a compelling stigma, that his constitutional rights are implicated. Cline's argument concerning mootness begs the question by assuming that Bohanon cannot possibly win his case on appeal. Nevertheless, an actual controversy may still exist in Bohanon's 15 CV 316/115,452 case.

Turning our attention to Bohanon's stigma argument, Cline correctly points out that it is being raised for the first time on appeal. In addition, Cline explains that Bohanon never complained about the stigma associated with being a prison sex offender placed in

6

the EMU within his petition. Cline argues that because Bohanon is raising his stigma argument for the first time on appeal, this court should decline to consider this argument. A review of Bohanon's petition in his 15 CV 316 case establishes that Cline is correct.

In his pro se 15 CV 316 petition, Bohanon complained about the following: (1) the lack of evidence supporting that he engaged in sexual misconduct; (2) the lack of written guidelines about what steps prisoners may take to get out of the EMU; (3) the prison officials' failure to follow prison regulations when they placed him in the EMU; and (4) the prison officials' racial discrimination within the EMU. Nowhere did Bohanon complain about the stigma of being a prison sex offender or assert that such a stigma implicated his due process rights. Nevertheless, Bohanon's appellate attorney has made this stigma argument on Bohanon's behalf for the first time on appeal. Further, he has done this without ever recognizing that he is raising it for the first time on appeal.

It is a rule of this court that issues not raised below cannot be raised for the first time on appeal. *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 403, 266 P.3d 516 (2011). This rule applies even to arguments concerning constitutional grounds for reversal. *Bussman v. Safeco Ins. Co. of America*, 298 Kan. 700, 729, 317 P.3d 70 (2014). There are several exceptions to this general rule, but Bohanon has not asserted that any of these exceptions exist. Moreover, by failing to recognize that he has raised his stigma argument for the first time on appeal, Bohanon has violated Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 34), which requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. Our Supreme Court has held that parties who fail to comply with this rule "risk a ruling that an issue improperly briefed will be deemed waived or abandoned." *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014). Further, when the *Williams* court made the preceding ruling, it also warned that in the future, Rule 6.02(a)(5) would be strictly enforced. Since then, our Supreme Court has strictly enforced Rule 6.02(a)(5), citing its warning in *Williams*. *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015).

7

Because Bohanon is raising his stigma argument for the first time on appeal, we decline to consider this argument that being a prison sex offender in the EMU has implicated his due process rights. Following our Supreme Court precedent, we also deem Bohanon's argument improperly briefed and, therefore, abandoned based upon his failure to comply with Rule 6.02(a)(5). Because Bohanon's sole argument on appeal has been raised for the first time on appeal, we affirm the dismissal of Bohanon's habeas petition in his 15 CV 316 case.

Affirmed.