NOT DESIGNATED FOR PUBLICATION

No. 121,169

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RICHARD GRISSOM,
*Appellant*,

v.

DAN SCHNURR, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed November 22, 2019. Affirmed.

*Shannon S. Crane*, of Hutchinson, for appellant.

*Jon D. Graves*, legal counsel, of Kansas Department of Corrections, for appellees.

Before BUSER, P.J., SCHROEDER and WARNER, JJ.

PER CURIAM: Richard Grissom appeals the district court's summary denial of his K.S.A. 2018 Supp. 60-1501 habeas corpus petition. Grissom identifies two errors made by the district court. First, he contends the district court erred by determining that he failed to assert a deprivation of a constitutionally protected liberty interest. Second, Grissom argues that the district court mistakenly concluded that his petition was moot. Upon our review, we conclude that Grissom suffered no deprivation of a constitutionally protected interest and, as a result, we affirm the district court's summary denial on that basis.

1

While an inmate at the El Dorado Correctional Facility, Grissom was involved in a physical altercation with a correctional officer. After the altercation, Grissom was issued a disciplinary report charging him with battery in violation of K.A.R. 44-12-324 and disobeying an order in violation of K.A.R. 44-12-304. The disciplinary report alleged that Grissom refused an officer's order to be placed in restraints and resisted the officer's attempts to handcuff him. After Grissom became combative and the officer began using force, Grissom struck the officer.

At a disciplinary hearing, Grissom was found guilty of battery and disobeying an order. He was sentenced to 15 days in disciplinary segregation. The hearing officer assessed no fine for either violation, nor did he impose any loss of good time credit.

After exhausting his administrative remedies, Grissom filed a petition for writ of habeas corpus under K.S.A. 2018 Supp. 60-1501. In his petition, Grissom claimed the State violated his due process rights by: (1) violating regulations governing disciplinary hearing procedures and time limitations, (2) precluding him from calling witnesses at the disciplinary hearing, and (3) failing to prove that he was guilty of battery and disobeying an order. Grissom also argued that the hearing officer violated his due process rights by failing to act in an impartial manner.

At the conclusion of a nonevidentiary hearing, the district court summarily denied Grissom's petition, finding that he failed to allege any deprivation of a constitutionally protected interest. Additionally, the district court determined the matter was moot because Grissom had already served the time in disciplinary segregation.

Grissom appeals.

ANALYSIS

On appeal, Grissom contends the district court erred by summarily denying his K.S.A. 2018 Supp. 60-1501 petition for failing to state a claim upon which relief could be granted.

To state a claim for relief under K.S.A. 2018 Supp. 60-1501, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). "[I]f, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists," then summary dismissal is proper. 289 Kan. at 648-49; see K.S.A. 2018 Supp. 60-1503(a). A district court should dismiss an inmate's K.S.A. 2018 Supp. 60-1501 petition if the petitioner fails to assert a violation of a constitutionally protected interest. *Anderson v. McKune*, 23 Kan. App. 2d 803, 806-07, 937 P.2d 16 (1997).

We exercise unlimited review over a district court's summary denial of a K.S.A. 2018 Supp. 60-1501 petition. *Johnson*, 289 Kan. at 649. Similarly, our court exercises unlimited review when determining whether an individual's right to due process under the Fourteenth Amendment to the United States Constitution has been violated. 289 Kan. at 649.

Grissom claims his due process rights were violated during his disciplinary hearing. To determine whether an inmate states a due process claim, our court applies a two-step analysis. First, we determine whether the State has deprived the inmate of life, liberty, or property. If this first step is met, we determine the nature and extent of the process to which the prisoner is entitled. *Washington v. Roberts*, 37 Kan. App. 2d 237,

3

240, 152 P.3d 660 (2007) (citing *Hogue v. Bruce*, 279 Kan. 848, 850-51, 113 P.3d 234 [2005]).

In this case, the hearing officer imposed a sanction of 15 days in disciplinary segregation. Grissom does not suggest that his disciplinary violations resulted in any collateral consequences. Importantly, Grissom does not argue his sanction implicated any life or property interest. As a result, we next consider whether Grissom was deprived of a protected liberty interest.

As a general legal principle, the sanction of disciplinary segregation does not rise to the level of a constitutionally protected liberty interest. See *Sandin v. Conner*, 515 U.S. 472, 486, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995); *Hardaway v. Larned Correctional Facility*, 44 Kan. App. 2d 504, 505, 238 P.3d 328 (2010). Our Supreme Court has specifically held that a prisoner has no protected liberty interest in remaining in the general prison population. *Murphy v. Nelson*, 260 Kan. 589, Syl. ¶ 9, 921 P.2d 1225 (1996).

We note, however, that in *Jamerson v. Heimgartner*, 304 Kan. 678, 685, 372 P.3d 1236 (2016), our Supreme Court stated in dicta that the duration of segregated placement is a factor that courts must consider in determining whether an inmate has demonstrated a liberty interest infraction. This is because in extreme cases, courts may deem duration the dominant factor. For example, the inmate in *Jamerson* had been subjected to over 1,000 days of administrative segregation. But here, Grissom's sanction to disciplinary segregation was brief and he fails to show how it constituted an atypical and significant hardship in relation to the ordinary incidents of prison life which might implicate a liberty interest. See *Sandin*, 515 U.S. at 486 (30-day disciplinary sanction implicated no liberty interest).

4

Despite Grissom's disciplinary conviction and sanction, he has suffered no deprivation that implicates a constitutionally protected liberty interest. Since Grissom failed to assert the requisite deprivation of a constitutionally protected interest, the district court did not err in summarily denying his K.S.A. 2018 Supp. 60-1501 petition. Because we affirm on this basis, we decline to address the district court's alternative reason that Grissom's petition was moot.

Affirmed.