NOT DESIGNATED FOR PUBLICATION

No. 124,133

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MICAH J. YOAKUM SR.,
*Appellant*,

v.

SAM CLINE, EDCF Warden,
*Appellee*.

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed August 12, 2022. Reversed and remanded with directions.

*Anna M. Jumpponen*, of AJ Law, LLC, of Wichita, for appellant.

*Robert E. Wasinger*, legal counsel, Kansas Department of Corrections, of Ellsworth, for appellee.

Before GARDNER, P.J., HILL and ISHERWOOD, JJ.

PER CURIAM: Inmate Micah J. Yoakum Sr. appeals the summary dismissal of his habeas corpus petition. In that petition he claimed a denial of due process in a prison disciplinary order forfeiting 54 days of his earned good-time credits. We must reverse the district court's dismissal and remand the matter to that court so it can resolve a factual dispute whether Yoakum lost his good-time credits.

1

*Yoakum was disciplined for violating several rules.*

In November 2019, Yoakum was loitering with two other inmates in front of the property storage area of the El Dorado Correctional Facility. Video surveillance shows Yoakum entering the ceiling. He broke through the ceiling on his return. Special Agent Sissell filed a disciplinary report charging Yoakum with theft in violation of K.S.A. 2019 Supp. 21-5801 and alleging that Yoakum "entered the property room via the ceiling and stole a large amount of other offenders' property." Sissell alleged Yoakum cost the State $3,371.38 in stolen or damaged property, $5,700.98 in staff hours to inventory the property storage area, and $1,515.60 in property claim research.

Yoakum admitted he entered the ceiling but denied that he entered the property storage area or that he took anything. He asked to view the video surveillance and to call Derek Owens as a witness. The disciplinary hearing was continued several times. The hearing officer noted Yoakum wanted to call Owens as a witness to attest that he was a look-out while Yoakum took contraband from the ceiling. There is no further mention in the disciplinary hearing record of this request.

The hearing officer reviewed the video surveillance, which did not show Yoakum in the property storage area or taking items. It did show Yoakum breaking through the ceiling and damaging state property. The hearing officer amended the charge to aggravated burglary for burglary in the "P" building, which included the property storage area, with the intent to commit a felony or theft.

The hearing officer decided that Yoakum had violated K.A.R. 44-12-1001 (violation of statute)—a class one offense. The officer found that it was more likely true than not that Yoakum had committed aggravated burglary. The hearing officer then imposed these penalties on Yoakum:

- 30 days of disciplinary segregation;

2

- 60 days of restrictions;
- forfeiture of 54 days of good time;
- $20 fine; and
- $1,923.11 restitution.

The hearing officer based the restitution amount on the $5,700.98 in staff hours to inventory the property storage room plus $68.36 for the cost to fix the ceiling, split between the three offenders. This disposition was approved by the warden.

*Yoakum seeks administrative remedies.*

Yoakum appealed the hearing officer's decision to the Secretary of Corrections. The Secretary found substantial compliance with departmental and facility standards and procedures. But the Secretary reduced the penalty, by specifically ordering: "Reduce penalty." "Suspend all fines & restitution." There is no mention of the loss of good-time credits.

Following up on this order, Yoakum submitted a Form 9 request to his Unit Team for further explanation of the Secretary's decision. He specifically asked whether each of the sanctions that the hearing officer imposed were suspended or removed. The response he received stated: "Fees both suspended 180 days. Goodtime was given back as possible to earn, but has not been re-done since last cycle. Rest still looks like it was imposed."

*Yoakum turns to the district court seeking habeas corpus relief.*

After receiving the unit team's response, Yoakum petitioned for writ of habeas corpus against Sam Cline, Warden of the El Dorado Correctional Facility, in Butler County District Court under K.S.A. 60-1501. He alleged a violation of his Fourteenth Amendment right to procedural process. Yoakum claimed a liberty or property interest

3

was at stake because of the monetary fine, restitution, and loss of earned good time. He did not claim such a liberty or property interest from the disciplinary segregation or restriction.

But he made other claims:

- He was denied the ability to view the evidence against him;
- he was not permitted to call witnesses;
- he was not permitted to present evidence;
- the hearing officer was biased against him;
- there was insufficient evidence to convict him; and
- the amended charge was never properly served on him.

While Yoakum admitted the fine and restitution had been suspended, he stated the penalty of loss of 54 days of earned good time had still been imposed. He did not attach the Form 9 to his petition.

*The district court made quick work of the petition.*

After the court ordered Yoakum to prepare a summons for Respondent Cline, Cline moved to dismiss the petition under K.S.A. 60-1503(a) because "it plainly appears from the face of the petition and the exhibits attached thereto that the Petitioner is not entitled to relief." The court ordered Cline to expand on his bare assertion that Yoakum had not stated a claim for relief.

In response, Cline filed a memorandum alleging that Yoakum had not established a deprivation of a protected liberty interest because "a review of the record he attached demonstrates that those sanctions were never imposed." He cited only to the petition and included no attachments.

4

After reading that, the district court summarily dismissed Yoakum's petition. The court ruled: "The record reflects that all fines, restitution and loss of good time were suspended by the Secretary of Corrections and never imposed. Thus, Yoakum fails to establish a protected liberty interest that was denied him by the respondent." The court also noted: "Additionally, there is nothing in this proceeding of such a nature or character as to shock general conscience or be intolerable in fundamental fairness. No constitutional concerns are raised or infringed. Nothing in this case exceeds the norm or common incidence experienced by the typical inmate."

We emphasize that the court based its decision solely on Yoakum's petition and its attachments.

Even though it was mailed earlier, Yoakum subsequently replied to Cline's motion to dismiss. In that reply, he argued that the fine and restitution were suspended for 180 days but that the good-time forfeiture was still imposed, though "the disciplinary office did not take it—to prevent liberty interest." He argued the due process violation was complete when the hearing officer imposed his penalties and the Department of Corrections could not moot his appeal by rescinding them. This time he attached the Form 9 Unit Team clarification to this filing.

*Habeas Corpus petitions are unique.*

The procedures and standards governing habeas corpus petitions are set out in K.S.A. 60-1501 et seq. A court must first conduct an initial assessment of the petition, accepting all well-pled factual allegations as true. Our Supreme Court recently explained the steps that must be taken:

> "Viewing these provisions together and in harmony, the statutory scheme
> contemplates several possible avenues for resolving K.S.A. 60-1501 petitions. First,

5

when initially presented with the petition for a writ of habeas corpus, the court may determine from the face of the petition and any attached exhibits that the petitioner is entitled to no relief and deny the motion summarily without issuing a writ or ordering the respondents to file an answer. See K.S.A. 2020 Supp. 60-1503(a)." *Denney v. Norwood*, 315 Kan. 163, 174, 505 P.3d 730 (2022).

If further inquiry is needed then the writ is issued:

> "But if the court determines petitioner may have a right to relief, it issues a writ of habeas corpus, appoints counsel, orders the respondent to file an answer, conducts a hearing, and determines the cause. K.S.A. 2020 Supp. 60-1503(a); K.S.A. 2020 Supp. 60-1505(a); K.S.A. 22-4506(b). Again, once the court issues a writ, the statute does not specify the type of hearing required to adjudicate the habeas corpus petition—the statute merely requires the judge to proceed in a summary way to hear and determine the cause. Even so, the statutory scheme contemplates at least two types of hearings on the path to final resolution." *Denney*, 315 Kan. at 174.

Even at this point a reviewing court is not yet required to weigh testimony:

> "First, K.S.A. 2020 Supp. 60-1505(a) expressly contemplates a nonevidentiary hearing focusing on the motion, files, and records of the case. If the court determines that the motion, files, and the records of the case conclusively show that the inmate is entitled to no relief, then the court shall dissolve the writ. K.S.A. 2020 Supp. 60-1505(a)." *Denney*, 315 Kan. at 174.

To state a claim for relief under K.S.A. 60-1501 and avoid summary dismissal, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). An appellate court exercises de novo review of a summary dismissal. 289 Kan. at 649.

*This case boils down to the earned good-time credits.*

Here, the district court issued a summons and ordered Cline to respond to the petition. But the court did not appoint counsel or hold a hearing. Cline responded that the petition on its face did not state a claim. The court then dismissed the petition based solely on the facts alleged in the petition and its attachments.

To us, Yoakum argues the mere imposition of the fine and the removal of his earned good-time credit were enough to implicate a liberty interest. He claims his good-time credit was not restored, and Cline argues that Yoakum conceded that the 54 days of good-time credit were never taken from him. We cannot tell which side is right.

Caselaw tells us to use a two-step analysis when analyzing whether there has been a denial of due process. One step examines the facts. The second step looks at the law. First, the court must determine whether the State has deprived the petitioner of life, liberty, or property. If so, the court then determines the extent and the nature of the process due. The next question—whether an individual's constitutional rights have been violated—is a question of law over which appellate courts exercise unlimited review. *Johnson*, 289 Kan. at 649.

The district court ruled Yoakum did not satisfy the first step. But based on the facts alleged in Yoakum's petition, that decision was erroneous.

Some explanation is required here. Deduction of a fine implicates an inmate's due process rights even when only a small amount has been taken from the inmate's account. *Washington v. Roberts*, 37 Kan. App. 2d 237, 240, 152 P.3d 660 (2007). Likewise, the forfeiture of good-time credits that an inmate has already earned implicates a protected liberty interest. *Hardaway v. Larned Correctional Facility*, 44 Kan. App. 2d 504, 505,

7

238 P.3d 328 (2010); *McClintick v. Sauers*, No. 121,867, 2020 WL 2503259, at *3 (Kan. App. 2020) (unpublished opinion).

But a disciplinary sanction never imposed does not implicate a constitutionally protected interest. So when prison officials suspend imposing a disciplinary sanction, the inmate has not yet suffered a deprivation of any constitutionally protected interest and cannot make a due process claim. *Hardaway*, 44 Kan. App. 2d at 505-06. But where prison officials rescind the sanction after the inmate has filed a habeas corpus petition challenging a disciplinary conviction, it does not moot the inmate's due process claim. *Stano v. Pryor*, 52 Kan. App. 2d 679, 684, 372 P.3d 427 (2016).

There is a factual dispute over whether Yoakum lost 54 days of earned good time. He contends he did. He supported this contention by attaching the hearing officer's disposition to his petition. On administrative review, the Secretary reduced his penalty, but did not specifically mention the loss of good time. The Secretary only mentioned fines and restitution. Nothing in Yoakum's petition or the attachments to his petition show that his loss of good time had been suspended and never imposed.

It is true that he seemingly admitted in his reply to Cline's motion to dismiss that his earned good time was never actually taken away, but he argued the reason was to moot his petition. That reply was not before the district court. Without more, the district court erred by dismissing Yoakum's petition for failure to establish a protected liberty interest.

There is another subject that must be mentioned here. Inmates are entitled to a minimal level of due process, which includes the opportunity to call witnesses during a disciplinary hearing. The hearing officer may balance an inmate's need for a witness against prison interests. But when a prison official denies an inmate's request to call a witness, the official must show there is a reasonable basis for such denial. *Sauls v.*

*McKune*, 45 Kan. App. 2d 915, 920, 260 P.3d 95 (2011). The hearing officer must rule on the witness request and state the reasons for denying such request in the hearing record. *Dunlap v. Heimgartner*, No. 113,955, 2016 WL 2775579, at *6 (Kan. App. 2016) (unpublished opinion).

In his petition, Yoakum contended his due process rights were violated for several reasons, including his inability to call Owens as a witness. The record of the hearing does not reflect why Yoakum's request was denied—or that it was even denied. Thus, based solely on his petition, it cannot be determined that Yoakum did not state a claim for relief.

The summary denial of Yoakum's petition on its face was improper.

Reversed and remanded to the district court with directions to determine if Yoakum lost his good-time credits.